**R. F. Post, Inc., Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Mildred J. Williams, Widow of Franklin E., Respondents.**

204

Argued September 12, 1977, before Judges CRUM-
LISH, JR., WILKINSON, JR. and ROGERS, sitting as a panel
of three.

*John R. Lenahan, Jr.,* with him *Lenahan, Dempsey
& Murphy,* for petitioner.

*Thomas J. Jones,* for respondent.

OPINION BY JUDGE WILKINSON, JR., October 19, 1977:
This appeal arises from an order of the Workmen's
Compensation Appeal Board (Board) affirming a ref-
eree's granting of survival benefits to claimant. We
affirm.

Claimant filed a fatal claim petition on September
25, 1974. Her husband, a truck driver employed by
petitioner, died on July 9, 1974 of a myocardial infarc-
tion. It was stipulated that decedent died while in
the course of his employment. After an evidentiary

hearing, at which conflicting medical testimony was given, the referee found that decedent's heart attack was related to his employment and awarded benefits. Upon appeal the Board affirmed and this appeal was filed.

At issue is the competency of the medical opinion of decedent's physician who testified that decedent's death was "job-related." After reviewing a transcript of the testimony, the death certificate and the autopsy report the witness concluded:

[T]he amount of physical activity that [the decedent] did that day under the climatic circumstances that existed, produced probable sweating, loss of sodium and potassium, leading to a metabolic imbalance which precipitated an acute myocardial infarction. . . .

First, petitioner contends that the opinion is incompetent because the witness considered climatic circumstances in determining whether decedent's heart attack was job related. We disagree. Injuries caused in whole or in part by climatic conditions have long been recognized as compensable in Pennsylvania under the "unusual pathological result" doctrine. *Westinghouse Electric Corp. v. Workmen's Compensation Appeal Board*, 11 Pa. Commonwealth Ct. 369, 314 A.2d 48 (1974). Similarly, we believe that under the 1972 amendments to The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §1 et seq., climatic conditions in which a job is performed are clearly work-related and injuries arising from such conditions are compensable. Further, we find no support for petitioner's suggestion that only injuries caused by factors over which an employer exercises control are work-related.

Secondly, petitioner contends that the opinion of claimant's expert is incompetent because the witness assumed facts not substantiated by the record, *i.e.*,

that the decedent engaged in "excessive physical activity." While the witness originally testified that the heart attack was "due to the heat, the excessive physical activity," petitioner objected to the term "excessive." The objection was sustained and the referee ruled that while there was evidence of physical activity[1] there was no evidence that the activity was excessive. Thereafter, the witness modified his opinion testifying that the heart attack was caused by the combination of physical activity and climatic conditions, eliminating any reference to the activity being excessive. We find nothing in the witness's testimony based on facts outside of the record.

Finally, petitioner argues that the only proper conclusion that the referee could have drawn was that decedent's death was a natural consequence of a pre-existing heart disease. The referee's finding that death was job-related, however, is supported by competent evidence and is binding on a reviewing court. *Universal Cyclops Steel Corp. v. Krawczynski*, 9 Pa. Commonwealth Ct. 176, 305 A.2d 757 (1973).

Accordingly, we will enter the following

## ORDER

Now, October 19, 1977, the order of the Workmen's Compensation Appeal Board, No. A-71320, dated September 9, 1976, is hereby affirmed and it is ordered that judgment be entered in favor of Mildred J. Williams, widow of Franklin E. Williams and against R. F. Post, Inc. and The Continental Insurance Companies, directing that the widow be paid compensation

---

[1] We find substantial evidence in the record that on the date of his death decedent operated a tractor wih a 40 foot trailer and that he unloaded, by hand, 14 bags of soap powder, each bag weighing 100 pounds. The record contains unobjected-to hearsay evidence that decedent unloaded the soap, supported by evidence that the delivery was made and that decedent's job-duties required him to unload the bags by hand.

for herself and two minor children at the rate of $106.00 per week beginning July 10, 1974, continuing for the duration of claimant's widowhood and indefinitely thereafter to the children, subject to the limitations of the Act.

Deferred payments of compensation shall bear interest at the rate of ten per centum per annum from the due date thereof.

The defendant and/or insurance carrier is also directed to reimburse the claimant in the sum of $750.00 for decedent's burial expenses.