Bessie Schick, Appellant, *v.* Newspaper Guild of Greater Philadelphia, Workmen's Compensation Appeal Board of the Commonwealth of Pennsylvania.

Argued April 8, 1976, before Judges CRUMLISH, JR., MENCER and ROGERS, sitting as a panel of three.

*Sylvan D. Einhorn,* with him *Winer and Einhorn,* for appellant.

*R. D. Harburg,* with him *Swartz, Campbell & Detweiler,* and *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE MENCER, June 8, 1976:

At approximately 10:30 a.m. on Monday, March 16, 1970, Philadelphia police were summoned to the subway concourse at Broad and Race Streets where they found and administered aid to David S. Schick (decedent), an employee of the Newspaper Guild of Greater Philadelphia (Guild). The officers transported Schick to Hahnemann Hospital where he subsequently died from his injuries. The source of those injuries remains unclear to this date.

Subsequently, Bessie Schick (claimant), as decedent's surviving spouse, filed a fatal claim petition seeking workmen's compensation benefits due to the loss of her husband. This petition was contested by the Guild and its insurer, and, after a considerable number of hearings, benefits were denied by a workmen's compensation referee. The Workmen's Compensation Appeal Board (Board) affirmed the referee's denial of benefits, and claimant therefore appealed to this Court.

Because the Board's decision was rendered subsequent to the 1972 amendments to The Pennsylvania Workmen's Compensation Act (Act)[1] and because here the decision below was against the party bearing the burden of proof, our review is limited to a determination of whether the referee's findings of fact are consistent with each other and with the conclusions of law and can be sustained without capriciously disregarding competent evidence. *Workmen's Compensation Appeal Board v. Young,* 18 Pa. Commonwealth Ct. 515, 336 A.2d 665 (1975). To have constituted a capricious disregard the referee's actions must have been so flagrant as to be repugnant to a man of reasonable intelligence. *Workmen's Compensation Appeal Board v. Young, supra.*

The primary issue below concerned whether decedent was in fact injured as a result of an accident *that occurred during the course of his employment.*[2] It is clear that claimant could have recovered benefits, even though decedent was not on the employer's premises

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §1 et seq.

[2] Although decedent was injured prior to the enactment of the 1972 amendments to the Act, it is now clearly established that the 1972 amendments did not change the "course of employment" concept and the case law developed thereunder. *See Workmen's Compensation Appeal Board v. Borough of Plum,* 20 Pa. Commonwealth Ct. 35, 340 A.2d 637 (1975).

at the time of the accident, *if she had carried the burden of proving* that decedent was, at the time of his accident, actually engaged in the employer's business.[3] *See Workmen's Compensation Appeal Board v. Borough of Plum, supra* note 2. We have closely examined the record and find that the referee did not capriciously disregard competent evidence in ruling that claimant had failed to carry her burden in that regard.

The question of whether a decedent was in the course of his employment when fatally injured is a question of law to be determined on the basis of the facts. *Bullock v. Building Maintenance, Inc.*, 6 Pa. Commonwealth Ct. 539, 297 A.2d 520 (1972). As the Superior Court stated in *Newman v. Congregation of Mercy and Truth*, 196 Pa. Superior Ct. 350, 353, 175 A.2d 160, 161-62 (1961): "As a general rule, an employe who is injured on his way to work, and before reaching the premises of the employer, cannot recover compensation: Giallonardo v. St. Joseph's College, 177 Pa. Superior Ct. 87, 111 A.2d 178. This general rule is subject to an exception if the contract of employment includes transportation to and from work, or if the employe does not have a fixed place of work, or if he is on a special mission for the employer. See Keim v. Burkholder, 182 Pa. Superior Ct. 460, 127 A.2d 752." Claimant has failed to prove that decedent fell

---

[3] Claimant, citing to us *Hunter v. American Oil Company*, 136 Pa. Superior Ct. 563, 7 A.2d 479 (1939), and cases from other jurisdictions, argues that because decedent was a so-called "traveling man" claimant's petition was subject to different rules of law which place on her a much lighter burden of proving the relationship of decedent's activities to his employment at the time of his death. Without commenting on the application or validity of a "traveling man" doctrine in Pennsylvania, we note that we find no support for the adoption of the theory of the "traveling man" under the facts of this case. Clearly, the factual situation here simply involves a man on his way to work, albeit perhaps not to his main office, after a night spent in his own home.

within any of these exceptions.[4]   The referee found that claimant drove decedent as usual to the train station from which he would take his customary train to work in downtown Philadelphia and that he was subsequently found collapsed in the subway concourse. The referee concluded that ''decedent was simply on his way to work''.   While testimony presented by claimant tended to show that decedent was heading directly, without a stopover at his office, to a negotiations session at a building in close proximity to his office (a fact that, if believed, might bring decedent within one of the *Newman* exceptions), the referee chose to believe otherwise, and we are, on the basis of this record, legally restrained from overturning that finding.

We have carefully considered appellant's other objections and find each of them without merit.   Therefore, we issue the following

ORDER

AND Now, this 8th day of June, 1976, the appeal of Bessie Schick from the order of the Workmen's Compensation Appeal Board, dated October 30, 1975, is hereby dismissed.

Judge KRAMER did not participate in the decision in this case.

---

[4] In an attempt to buttress the facts, claimant has attached extra record evidence to her brief. This clearly is a violation of proper appellate procedure, and we are not permitted to allow such evidence to influence our decision.