293 Pa. Superior Ct. 50 (1981)
437 A.2d 985
Robert J. AUGOSTINE, Appellant,
v.
PENNSYLVANIA NATIONAL MUTUAL CASUALTY INSURANCE COMPANY, a Corporation.
Superior Court of Pennsylvania.
Argued November 11, 1980.
Filed November 30, 1981.
*51 Ernest B. Orsatti, Pittsburgh, for appellant.
John C. Carlin, Jr., Pittsburgh, for appellee.
Before PRICE, CAVANAUGH and HOFFMAN, JJ.
CAVANAUGH, Judge:
This is an appeal from the lower court's order granting judgment on the pleadings in favor of the defendant, Pennsylvania National Mutual Casualty Insurance Company (hereinafter Penn National) and against the plaintiff, who is the defendant's insured.
The following facts are not disputed. The plaintiff who was employed by Penn Road Materials Company was injured while alighting from one of his employer's trucks in the course of his employment. He applied for and is currently receiving total disability benefits under the Pennsylvania Workmen's Compensation Act.[1] At the time of the accident the plaintiff owned his own car and was insured under a no-fault policy issued by Penn National. He initially gave notice to his employer and his employer's no-fault insurance carrier and requested basic loss benefits. This request was denied. He then initiated an action in assumpsit against his insurer. Penn National filed an answer and new matter to which the plaintiff filed preliminary objections. With the consent of both parties the court issued an order overruling the plaintiff's preliminary objections without prejudice to either party to file a motion for judgment on the pleadings. Both parties filed such motions. After argument the lower *52 court issued an order granting the defendant's motion and denying the plaintiff's motion. Relying on Gradler v. Prudential Insurance Company v. Traveler's Insurance Company, 464 F.Supp. 575 (W.D.Pa. 1979)[2] and § 204(a) of the No-Fault Act[3] the lower court held that the plaintiff could not recover from his own no-fault carrier because the employer's no-fault insurance carrier was the proper company against whom he should proceed.
The Supreme Court's recent decision in Wagner v. National Indemnity Company, 492 Pa. 154, 422 A.2d 1061 (1980) clearly indicates that although the plaintiff cannot recover from his employer's no-fault insurance carrier he is entitled to receive basic work-loss benefits to make up the difference between his actual wage loss and benefits conferred on him under the Workmen's Compensation Act from his own no-fault insurance carrier.[4]
In Wagner, supra, the estate of a decedent, who was killed during the course of his employment while operating a company tractor-trailer, filed a claim against the employer's no-fault carrier.[5] The employer's carrier filed preliminary *53 objections and the trial court dismissed the claim based on Turner v. Southeastern Pennsylvania Transportation Authority, 256 Pa.Super. 43, 389 A.2d 591 (1978).[6] This court affirmed and the Supreme Court granted allocatur.
The appellant in Wagner, supra, argued that Sections 204 and 206 of the No-Fault Act created an exception to § 303 of the Workmen's Compensation Act.
Section 204 provides:
"(a) Applicable security.  The security for the payment of basic loss benefits applicable to an injury to:
"(1) an employee, or to the spouse or other relative of any employee residing in the same household as the employee, if the accident resulting in injury occurs while the victim or deceased victim is driving or occupying a motor vehicle furnished by such employee's employer, is the security for the payment of basic loss benefits covering such motor vehicle or, if none, any other security applicable to such victim;
"(2) an insured is the security under which the victim or deceased victim is insured;
"(3) the driver or other occupant of a motor vehicle involved in an accident resulting in injury who is not an insured is the security covering such vehicle;
"(4) an individual who is not an insured or the driver or other occupant of a motor vehicle involved in an accident resulting in injury is the security covering any motor vehicle involved in such accident. For purpose of this *54 paragraph, a parked and unoccupied motor vehicle is not a motor vehicle involved in an accident unless it was parked so as to cause unreasonable risk of injury; and
"(5) any other individual is the applicable assigned claims plan." 40 P.S. § 1009.204 (Supp. 1979-80).
Further, Section 206 provides:
". . . Except as provided in section 108(a)(3) of this act, all benefits or advantages (less reasonably incurred collection costs) that an individual receives or is entitled to receive from social security (except those benefits provided under Title XIX of the Social Security Act and except those medicare benefits to which a person's entitlement depends upon use of his so-called `life-time reserve' of benefit days) workmen's compensation, any State-required temporary, nonoccupational disability insurance, and all other benefits (except the proceeds of life insurance) received by or available to an individual because of the injury from any government, unless the law authorizing or providing for such benefits or advantages makes them excess or secondary to the benefits in accordance with this act, shall be subtracted from loss in calculating net loss." 40 P.S. § 1009.206(a) (Supp. 1979-80).
The court found that neither of these sections created an exception to the exclusivity of remedy section of the Workmen's Compensation Act and held that the appellant could not recover from the employer's no-fault insurance carrier. The court specified, however, that an employee would be limited to workmen's compensation benefits only in a situation identical to the one before it; i.e., where the driver carries no insurance of his own on his own vehicle and no other vehicle is involved in the injury-producing accident. Wagner, supra 492 Pa. at 167, 422 A.2d at 1068 (Emphasis added).
The court stated:
In sum, an employee injured in the scope of his employment while driving his employer's vehicle may recover *55 only workmen's compensation benefits from his employer or the employer's workmen's compensation carrier; such a result is compelled by Section 303 of the Workmen's Compensation Act. The injured employee may, if applicable, proceed against any of the applicable security mentioned in Section 204(a)(2)-(5). Should the employee recover no-fault benefits, workmen's compensation benefits must first be deducted from any no-fault benefits to be paid. Should an employee be using his employer's vehicle for private non-work related reasons, the employee could recover from his employer's no-fault carrier.
Wagner, supra, 492 Pa. at 167, 422 A.2d at 1068.
Applying the principles of Wagner to the facts of the instant case it is clear that although the plaintiff may not recover from his employer's no-fault insurance carrier, he may proceed against his own insurer under § 204(a)(2).[7] It is also clear that § 206 of the No-Fault Act mandates that workmen's compensation benefits must be deducted from this recovery.
For the above reasons we find that the lower court erroneously granted judgment on the pleadings in favor of the defendant. We therefore reverse the lower court's order and remand for proceedings consistent with this opinion.
PRICE, J., did not participate in the consideration or decision of this case.
NOTES
[1] Act of June 2, 1915, P.L. 736, Art. I, § 101, et seq., as amended 77 P.S. § 1, et seq.
[2] In Gradler v. Prudential Insurance Company v. Travelers Insurance Company, supra, an employee was involved in an accident while driving a truck furnished by his employer. At the time of the accident he was not using the truck for work-related purposes and thus he was not eligible to receive any workmen's compensation benefits. Under those circumstances the court properly ruled that the employer's no-fault carrier was liable to the employee under Section 204(a)(1) of the No-Fault Act. In the instant case, however, the employee was injured during the course of his employment and therefore the lower court erroneously relied on Gradler to support its holding
[3] Act of July 19, 1974, P.L. 489, No. 176, Art. 1, § 101 et seq., 40 P.S. § 1009. 101 et seq.
[4] We note that three judges dissented in Wagner, supra, however, the dissenters did so on the grounds that the injured employee should be able to recover from his employer's no-fault carrier. They did not in any way refer to an insured employee's right to recover from his own no-fault carrier.
[5] The court pointedly noted that at the time of the accident the decedent did not own a car and thus had no insurance of his own.
[6] In Turner, supra, this court held that Section 303 of the Workmen's Compensation Act barred an employee injured during the course of his employment while driving his employer's vehicle from seeking recovery against his employer under the No-Fault Act. Section 303 provides:

"The liability of an employer under this act shall be exclusive and in place of any and all other liability to such employes, his legal representative, husband or wife, parents, dependents, next of kin or anyone otherwise entitled to damages in any action at law or otherwise on account of any injury or death . . . or occupational disease. . .". As amended, Act of December 5, 1974, P.L. 782, No. 263, § 6, 77 P.S. § 481(a) (Supp. 1979-80). (Emphasis added).
[7] Our holding is supported by the court's recent decision in Adams v. Nationwide Insurance Company, 285 Pa.Super. 79, 426 A.2d 1150 (1981). In Adams the court held that an employee injured while driving his own automobile within the scope of his employment is entitled to receive work-loss benefits from his no-fault insurance carrier to make up the difference between his actual wage loss and benefits conferred on him under the Workmen's Compensation Act.