450 A.2d 139

**Edward BOOTHMAN, Appellant,**

**v.**

**PRUDENTIAL PROPERTY AND CASUALTY INSURANCE COMPANY and City of Philadelphia.**

Superior Court of Pennsylvania.

Argued April 21, 1982.

Filed Sept. 10, 1982.

138

James L. Womer, Philadelphia, for appellant.

George D. Sheehan, Jr., Philadelphia, for Prudential, appellee.

Steven B. Berger, Philadelphia, for City of Philadelphia, appellee.

Before WICKERSHAM, BROSKY and WIEAND, JJ.

WICKERSHAM, Judge:

On March 8, 1978, Edward Boothman filed a complaint in assumpsit against Prudential Property and Casualty Insurance Company (hereinafter Prudential) alleging, *inter alia,* that plaintiff Boothman had been involved in a motor vehicle accident with another vehicle in January of 1977, as a result of which he sustained personal injuries. Further it was alleged that plaintiff Boothman had requested the

defendant, who insured Boothman under a policy of insurance, to make payment of medical bills and lost wages incurred as a result of the accident pursuant to the provisions of the Pennsylvania No-Fault Act.[1]

Thereafter, on March 30, 1978, Prudential filed an answer to the complaint and filed a complaint against the City of Philadelphia, as an additional defendant, setting forth that at the time of the accident occurring January 26, 1977, plaintiff Edward Boothman was a policeman employed by the City of Philadelphia and was on duty at the time of said accident and alleging further that the security for the payment of basic loss benefits covering the motor vehicle furnished to the plaintiff by the City of Philadelphia was such security as was provided by the City of Philadelphia. Extended pre-trial discovery followed.

On January 24, 1980, the Honorable Edward Rosenwald, Senior Judge, granted a motion of Prudential for summary judgment and dismissed plaintiff's cause of action against it.[2] This appeal by Edward Boothman followed.[3] We reverse and remand.

In *Petraglia v. American Motorists Insurance Company,* 284 Pa.Super. 1, 3, 424 A.2d 1360, 1361 (1981), *aff'd per curiam,* 498 Pa. 32, 444 A.2d 653 (1982), we stated that:

> Summary judgment 'shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the

1. Act of July 19, 1974, P.L. 489, No. 176, 40 P.S. § 1009.101 *et seq.* (Supp.1981–82)

2. On April 23, 1980, a brief memorandum opinion was filed by Judge Rosenwald reading as follows:
   The issues involved in the above-captioned matter are controlled by the decision of the Superior Court of Pennsylvania in the case of *Brunelli v. Farelly Brothers,* [266] Pa.Super. [23], 402 A.2d 1058 (1979). It was upon that basis which this Court granted defendant Prudential's Motion for Summary Judgment.

3. Appellant states the issue involved in this appeal as follows:
   Whether it was an abuse of discretion and an error at law for the Lower Court to grant Appellee's Motion for Summary Judgment. Brief for Appellant at 1.

moving party is entitled to judgment as a matter of law.' Pa.R.Civ.P. 1035(b). Summary judgment can only be granted in the clearest of cases. *See, e.g., Schacter v. Albert,* 212 Pa.Super. 58, 239 A.2d 841 (1968). Additionally, the evidence must be viewed in the light most favorable to the non-moving party and all doubts must be resolved against the moving party. *See Thompson Coal Co. v. Pike Coal Co.,* 488 Pa. 198, 412 A.2d 466 (1979); *Just v. Sons of Italy Hall,* 240 Pa.Super. 416, 368 A.2d 308 (1976).

*Brunelli v. Farelly Brothers,* 266 Pa.Super. 23, 402 A.2d 1058 (1979), involved a similar issue:

On August 6, 1975, Frederick A. Brunelli, an employee of Cobb and Lawless, was injured in a collision with an automobile driven by Luis Aviles, an employee of Farelly Brothers. At the time of the accident, Mr. Brunelli was operating a motor vehicle furnished by his employer, within the scope of his employment. . . .

Under No-fault § 111(b), the no-fault insurer (or 'obligor', to use the term employed in the Act) must pay the injured insured (the employee Brunelli in this case) 'basic loss benefits', regardless of who was responsible for causing the accident. . . . the workmen's compensation insurer must pay all that it is required to pay under the provisions of the workmen's compensation statute before the no-fault insurer's financial obligations begin to accrue.

*Id.,* 266 Pa.Superior Ct. at 24–27, 402 A.2d at 1059–60.

The facts of record in this case clearly disclose that Boothman was injured in his employer's vehicle, while acting in the course and scope of his employment. In *Augostine v. Pennsylvania National Mutual Casualty Insurance Company,* 293 Pa.Super. 50, 437 A.2d 985 (1981), plaintiff Robert J. Augostine was employed by Penn Road Materials Company and was injured while alighting from one of his employer's trucks in the course of his employment. He applied for and was receiving total disability benefits under the Pennsylvania Workmen's Compensation Act. At the time of the accident the plaintiff owned his own car and was insured

under a no-fault policy issued by Pennsylvania National Mutual Casualty Insurance Company. He then initiated an action in assumpsit whereupon the lower court held that the plaintiff could not recover from his own no-fault carrier because the employer's no-fault insurance carrier was the proper company against whom he should proceed. We said:

> The Supreme Court's recent decision in *Wagner v. National Indemnity Company*, 492 Pa. 154, 422 A.2d 1061 (1980) clearly indicates that although the plaintiff cannot recover from his employer's no-fault insurance carrier he is entitled to receive basic work-loss benefits to make up the difference between his actual wage loss and benefits conferred on him under the Workmen's Compensation Act from his own no-fault insurance carrier.
>
> . . . .
>
> The court found that neither of these sections created an exception to the exclusivity of remedy section of the Workmen's Compensation Act and held that the appellant could not recover from the employer's no-fault insurance carrier. The court specified, however, that an employee would be limited to workmen's compensation benefits only in a situation identical to the one before it; i.e., *where the driver carries no insurance of his own on his own vehicle* and no other vehicle is involved in the injury-producing accident. *Wagner, supra* 492 Pa. at 167, 422 A.2d at 1068 (Emphasis added).

The court stated:

> In sum, an employee injured in the scope of his employment while driving his employer's vehicle may recover only workmen's compensation benefits from his employer or the employer's workmen's compensation carrier; such a result is compelled by Section 303 of the Workmen's Compensation Act. The injured employee may, if applicable, proceed against any of the applicable security mentioned in Section 204(a)(2)–(5). Should the employee recover no-fault benefits, workmen's compensation benefits must first be deducted from any no-fault benefits to be paid. Should an employee be using his

employer's vehicle for private non-work related reasons, the employee could recover from his employer's no-fault carrier.

*Wagner,* supra, 492 Pa. at 167, 422 A.2d at 1068.

Applying the principles of Wagner to the facts of the instant case it is clear that although the plaintiff may not recover from his employer's no-fault insurance carrier, he may proceed against his own insurer under § 204(a)(2). It is also clear that § 206 of the No-Fault Act mandates that workmen's compensation benefits must be deducted from this recovery.

*Id.,* 293 Pa.Superior Ct. at 52–55, 437 A.2d at 986–87 (footnotes omitted).

Under the authority of *Augostine* and *Wagner,* Edward Boothman clearly has a right of recovery against his personal no-fault insurer subject to an appropriate deduction for any workmen's compensation benefits received. Accordingly, the entry of summary judgment in favor of Prudential was erroneous and we reverse and remand for proceedings consistent with this opinion.