454 A.2d 1101

**Michelle A. SHOMPER, Administratrix of the Estate of Marlin S. Shomper, Deceased,**

**v.**

**AETNA LIFE & CASUALTY COMPANY, Appellant and Cross-Appellee.**

Superior Court of Pennsylvania.

Argued Dec. 14, 1981.

Filed Dec. 30, 1982.

Petition for Allowance of Appeal Denied Dec. 29, 1983.

Nancy Joan Gellman, Philadelphia, for Aetna Life.

Neil J. Rovner, Harrisburg, for Shomper.

Before McEWEN, JOHNSON and WATKINS, JJ.

JOHNSON, Judge:

The order appealed from in this case awarded work loss benefits to the plaintiff, Michelle Shomper, appellee and cross-appellant before this court, but denied her claim for attorney's fees. Mrs. Shomper's husband, an uninsured, died after being hit by an automobile whose driver was likewise uninsured. Under the Assigned Claims plan of the

Pennsylvania No-fault Motor Vehicle Act[1] the appellant and cross-appellee, Aetna, was designated as the servicing insurer. The fatal accident took place on December 31, 1977. On August 18, 1978, Mrs. Shomper, as administratrix of the estate of her husband, filed a complaint for survivor's loss and work loss benefits. Aetna subsequently paid the survivor's loss benefits but demurred to the complaint with respect to the claim for work loss benefits on the grounds that the estate of a deceased victim was not entitled to work loss benefits under the No-fault Act.

On April 12, 1979, this court decided that the widow of a deceased accident victim was entitled to recover the work loss benefits which her husband would have received if he had been permanently disabled. *Heffner v. Allstate Insurance Co.*, 265 Pa.Super. 181, 401 A.2d 1160 (1979), *aff'd*, 491 Pa. 447, 421 A.2d 629 (1980). The supreme court's decision affirming *Heffner* was filed on September 22, 1980. Following these decisions, Aetna continued to deny the claim for work loss benefits on the ground that it was without proof of the dependency of Mrs. Shomper and the two children of the marriage on the deceased. Then in its answer and new matter, filed in February of 1981, Aetna asserted, *inter alia*, as its defense, the non-retroactivity of the *Heffner* decisions.

▓ The trial court, however, disagreed with Aetna on the non-retroactivity question, and found *Heffner* to be retroactive basing its determination on this court's statement in *Daniels v. State Farm Mutual Automobile Insurance Co.*, 283 Pa.Super. 336, 343, 423 A.2d 1284, 1288 (1980), that *Heffner* decided an issue of statutory construction which is therefore part of the statute from the time of its enactment.

1. Act of July 19, 1974, P.L. 489, No. 176, Art. I *et seq.*; 40 P.S. § 1009.101 *et seq.* (Purdon Supp.1982). The Assigned Claims plan is to be found at section 1009.108.

We affirm. *See Baker v. Aetna Casualty & Surety Co.*, 309 Pa.Super. 81, 454 A.2d 1092 (1982).[2]

The trial court awarded interest on the overdue benefits at the No-fault Act's rate of 18% per annum, *see* 40 P.S. 1009.106(a)(2), as of September 14, 1978, the claim for work loss benefits having been made on August 15, 1978. Aetna does not appeal this part of the order.

Lastly, however, the trial court declined to award attorney's fees to Mrs. Shomper on the grounds that there was no bad faith on Aetna's part. This decision is appealed by Mrs. Shomper. We reverse.

■ In *Hayes v. Erie Insurance Exchange*, 493 Pa. 150, 160, 425 A.2d 419, 424 (1981) the denial, by the trial court and the superior court, of attorney's fees, which was affirmed by the supreme court, was based on the fact that there was no evidence of bad faith on the insurance company's part. In *Hayes* the courts had found that the insurer's arguments against liability were reasonable. In this case, however, the insurer had a clear directive from first this court and then the supreme court as to its liability. It has persistently refused to pay this survivor the work loss benefits which the appellate courts of this Commonwealth have determined to be provided for in the No-fault Act. This denial of work loss benefits is totally without reasonable foundation. *See Baker v. Aetna, supra. See also Motley v. State Farm Mutual Automobile Insurance Co.*, 303 Pa.Super. 120, 449 A.2d 607 (1982). The order of the trial court awarding work loss benefits and interest is affirmed. The order of the trial court denying Mrs. Shomper's request for attorney's fees is reversed and the case is remanded for a determination of reasonable attorney's fees due Mrs. Shomper because of the continued denial by Aetna of her claim for work loss benefits.

Jurisdiction is not retained.

2. This appeal was consolidated for oral argument with, *inter alia, Baker v. Aetna Casualty & Surety Co., supra.*