454 A.2d 134

Garrett HIERS, Jr. Administrator of the Estate of
Garrett Hiers, III

v.

KEYSTONE INSURANCE COMPANY, Appellant.

Superior Court of Pennsylvania.

Argued Jan. 18, 1982.

Filed Dec. 30, 1982.

Petition for Allowance of Appeal Denied Jan. 16, 1984.

David J. Otis, Media, for appellant.

Kathleen Bilotta, King of Prussia, for appellee.

Before JOHNSON, WATKINS and LIPEZ, JJ.

JOHNSON, Judge:

The order appealed from awarded appellee work loss benefits plus interest and costs, under the Pennsylvania No-fault Motor Vehicle Insurance Act,[1] and dismissed that part of appellee's petition which had requested attorney's fees.[2]

The facts of the case, taken in part from the excellent opinion of Judge Rita PRESCOTT for the court of common pleas, are as follows. Appellee is the administrator of his son's estate. The son died on October 7, 1978, at the age of 29, as a result of injuries sustained in a motor vehicle accident. The decedent's motor vehicle was insured by the appellant insurance company [Keystone].

The action was commenced on September 28, 1979, but following a petition for extension of time pending the decision of our supreme court in *Allstate Insurance Co. v. Heffner*, 491 Pa. 447, 421 A.2d 629 (1980), the petition for no-fault benefits at issue in this case was actually filed on January 15, 1981. Keystone had been first advised of the loss on November 16, 1978, and presented with a claim for no-fault benefits on September 26, 1979. Keystone denied the claim, but ultimately paid funeral expenses on April 11, 1979.

[1]. Act of July 19, 1974, P.L. 489, No. 176, Art I *et seq.*; 40 P.S. § 1009.101 *et seq.* (Purdon Supp.1982).

[2]. The ground for dismissal was the lack of facts regarding a reasonable amount of time expended by counsel. *Hiers v. Keystone Insurance Co.*, No. 79–15885, slip op. at 8 (C.P. Delaware County, July 31, 1981).

The court of common pleas granted the petition with respect to the work loss benefits, interest and costs, but denied a claim by appellee for attorney's fees.

Appellant insurance company's argument, in the court below and before this court; is that because appellee, as father and administrator of his son's estate, was not dependent on his son, he is not entitled to work loss benefits. As in the court below, this argument fails.

In *Heffner v. Allstate Insurance Co.*, 265 Pa.Super. 181, 401 A.2d 1160 (1979), *aff'd*, 491 Pa. 447, 421 A.2d 629 (1980), this court held that a widow was entitled to recover the work loss benefits which her husband would have received if he had been permanently injured in the accident. When the *Heffner* case came before our supreme court, it was consolidated with *Pontius v. United States Fidelity and Guaranty Co.*, No. 80 March Term, 1978, Pa.Super.Ct., where the plaintiff was the administrator of a decedent's estate. Neither the issue of the distinction between an *individual* as a survivor and *the victim's estate*, nor the issue of dependency, appears to have been before the court in the *Pontius* and *Heffner* cases when the supreme court treated both claimants equally in determining that survivors of deceased victims were entitled to recover both survivor's loss and work loss benefits under the No-fault Act.

This court was however confronted with the proper claimant issue in *Freeze v. Donegal Mutual Insurance Co.*, 301 Pa.Super. 344, 447 A.2d 999 (1982). In *Freeze* the claimant was the administrator of the estate of his son, an eleven year old child, who was struck and killed by an automobile while sled-riding. In *Freeze* this court en banc, per President Judge CERCONE, with HESTER, J., dissenting, ruled that the estate of a deceased victim was entitled to recover work-loss benefits under the No-fault Act.

The precise question of dependency was apparently not raised in *Freeze*. However, in *Chesler v. Government Employees Insurance Co.*, 302 Pa.Super. 356, 448 A.2d 1080 (1982), the claimant was the administrator of the

estate of her adult son on whom, as his mother, she was not dependent. The first question raised by the insurance company was whether the estate, as represented by the decedent's mother as administrator, could recover work loss benefits. This question was disposed of affirmatively by the *Freeze* case. But the second question in *Chesler* was whether the estate could collect survivor's loss benefits where the administrator was not dependent on the decedent. After an analysis following the principles of statutory construction, President Judge CERCONE for the court en banc, HESTER, J., dissenting,[3] decided that the word "dependent" contained in the definition of "survivor" in section 1009.103 of the No-fault Act was intended by the legislature to qualify only the word immediately preceding it—"relative."[4]

The No-fault Act in part defines "work loss benefits" as "loss of gross income of a victim." 40 P.S. § 1009.103. This work loss is listed as one of the basic loss benefits in section 1009.202. The Act provides that "any victim or any survivor of a deceased victim is entitled to receive basic loss benefits ...." 40 P.S. § 1009.201(a). "Survivor" is defined as shown *supra*, n. 4, and as interpreted by this court in *Chesler*.

Based on the above, therefore, appellee, father of a victim of an automobile accident, suing as administrator of his son's estate, may collect work loss benefits as provided for by the No-fault Act even though as father he was not dependent on his son for support.

The order awarding work loss benefits plus interest is affirmed.

**3.** Judge Hester concurred with the majority's conclusion as to the proper application of the word "dependent". His dissent, as in *Freeze*, was based on the fact that the appellant was in the position of administrator of the *estate* of the victim, not in her capacity as mother and *survivor* of the victim, and that the No-fault Act does not provide for the recovery of work loss benefits by the *estate* of a deceased victim.

**4.** The No-fault Act defines "survivor", in pertinent part, as "child, parent, brother, sister or relative dependent upon the deceased for support." 40 P.S. § 1009.103.

 Appellee requests that we remand for the establishment of a record with respect to his request for attorney's fees. Attorney's fees may be awarded under the No-fault Act where the court determines that the obligor has denied the claim without reasonable foundation. 40 P.S. § 1009.-107. Where an insurer provides reasonable arguments and is not shown to have acted in bad faith, the insurer is not liable for attorney's fees. *Hayes v. Erie Insurance Exchange*, 493 Pa. 150, 425 A.2d 419 (1981). Until this court decided *Freeze* and *Chesler* the specific issues of the *estate* as a survivor entitled to work loss benefits, even where the administrator/parent was not dependent on the decedent, had not been directly answered by an appellate court. We cannot say that the insurer was unreasonable and in bad faith in its denial of the claim involved in this case. We therefore deny appellee's request. *See Baker v. Aetna Casualty & Surety Co.*, 308 Pa.Super. 292, 454 A.2d 1092 (1982). *Cf. Motley v. State Farm Automobile Insurance Co.*, 303 Pa.Super. 120, 449 A.2d 607 (1982).