467 A.2d 324

Thomas HALL

v.

MIDLAND INSURANCE COMPANY, Appellant.

Thomas HALL

v.

PENNSYLVANIA MANUFACTURERS ASSOCIATION INSURANCE COMPANY.

Appeal of MIDLAND INSURANCE COMPANY.

PENNSYLVANIA MANUFACTURERS ASSOCIATION INSURANCE COMPANY

v.

MIDLAND INSURANCE COMPANY, Appellant.

Thomas HALL, Appellant,

v.

MIDLAND INSURANCE COMPANY.

Thomas HALL, Appellant,

v.

PENNSYLVANIA MANUFACTURERS ASSOCIATION INSURANCE COMPANY.

Superior Court of Pennsylvania.

Argued March 3, 1983.

Filed Sept. 9, 1983.

Reargument Denied Nov. 18, 1983.

Petition for Allowance of Appeal Denied Mar. 12, 1984.

282

Michael P. O'Connor, Philadelphia, for appellant (at Nos. 639, 640 and 641) and for appellee (at No. 788).

James L. Womer, Philadelphia, for appellant (at Nos. 788 and 789) and for appellee (at Nos. 639 and 640).

James J. Donohue, Philadelphia, for participating party (at No. 639) and for appellee (at Nos. 640, 641 and 789).

Before CAVANAUGH, WIEAND and HOFFMAN, JJ.

WIEAND, Judge:

Thomas Hall was injured as a result of an automobile accident which occurred while he was driving home from work in a vehicle owned by his employer. Midland Insurance Company, the insurance carrier providing no-fault coverage on the employer's vehicle, contends that the accident occurred while Hall was within the scope of his employment and that his only claim against the employer is for workmen's compensation benefits. If no-fault benefits are recoverable, it argues, the liability therefor must be assumed by Pennsylvania Manufacturers Association Insurance Company, the no-fault carrier providing coverage for Hall's personal automobile. Whether Hall was within the scope of his employment at the time of the accident was submitted to the trial court on cross motions for summary judgment after counsel had stipulated that the facts were not in dispute and had been developed fully during discovery. The trial court held that Hall had not been in the scope of his employment at the time of the accident and entered summary judgment directing the payment of no-

fault benefits by Midland Insurance Company. This appeal followed.

■ Whether an employee is in the scope of employment is a question of law to be decided upon all the facts in a particular case. *Sylvester v. Peruso,* 286 Pa.Super. 225, 227–228, 428 A.2d 653, 655 (1981); *Bethlehem Steel Corporation v. Workmen's Compensation Appeal Board,* 56 Pa.Cmwlth. 438, 443, 425 A.2d 473, 475 (1981). The undisputed facts submitted to the trial court in this case established that Thomas Hall had been employed as a salesman by Peltex, Inc., which provided him with a leased car. Hall was permitted to use this vehicle for business as well as for personal travel. On Tuesday, December 13, 1977, Hall left his employer's office at the end of the workday and was on his way home, driving his employer's vehicle, when he was involved in the accident which caused his injuries.

Hall's normal hours of work were from 9:00 a.m. to 5:00 p.m. He would generally leave from his home in the morning to see customers and would arrive at his employer's office in the afternoon. He would work at the office until 5:00 p.m., frequently making telephone calls and arranging appointments for the following day. On some occasions, he would visit a customer after he had left the office at 5:00 p.m.; but on the evening of the accident, he had no calls to make and was on his way home. In fact, the samples, order forms, etc. which he carried with him during business hours had been left at the office because Hall intended to see no customers that evening and planned to go directly to the office on the following morning. He did not take any other work home. Hall did not have an office in his home and did not make telephone calls to customers from his home. Although Hall was permitted to use his employer's vehicle for personal matters, he was reimbursed only for expenses incurred while using the car for business, and it was for that purpose that he had a company credit card.

"As a general rule the act of going to or returning from work does not constitute a furtherance of the employer's

business. As such, an employee so engaged is not engaged in the course of his employment. *Susman v. Kaufmann's Department Store,* 182 Pa.Super. 467, 128 A.2d 173 (1957)." *Sylvester v. Peruso, supra* 286 Pa.Super. at 227, 428 A.2d at 655. Accord: *Pittsburgh Hyatt House, Inc. v. Workmen's Compensation Appeal Board,* 62 Pa.Cmwlth. 556, 559, 437 A.2d 461, 463 (1981); *LoPresti v. Workmen's Compensation Appeal Board,* 35 Pa.Cmwlth. 7, 11, 384 A.2d 1017, 1019 (1978); *Workmen's Compensation Appeal Board v. DelCimmuto,* 23 Pa.Cmwlth. 43, 45–46, 350 A.2d 459, 460 (1976). See also: *Plummer v. Wesner,* 217 Pa.Super. 24, 26–27, 268 A.2d 144, 145 (1970) allocatur denied August 24, 1970. "This general rule is subject to an exception if the contract of employment includes transportation to and from work, or if the employe does not have a fixed place of work, or if he is on a special mission for the employer." *Schick v. Newspaper Guild of Greater Philadelphia,* 25 Pa.Cmwlth. 108, 111, 358 A.2d 127, 129 (1976), quoting *Newman v. Congregation of Mercy and Truth,* 196 Pa.Super. 350, 353, 175 A.2d 160, 162 (1961). Accord: *Setley v. Workmen's Compensation Appeal Board,* 69 Pa.Cmwlth. 241, 243–45, 451 A:2d 10, 11 (1982); *Pittsburgh Hyatt House, Inc. v. Workmen's Compensation Appeal Board, supra,* 62 Pa.Cmwlth. at 559, 437 A.2d at 463; *Davis v. Workmen's Compensation Appeal Board,* 41 Pa.Cmwlth. 262, 265, 398 A.2d 1105, 1106 (1979); *North American Rockwell Corporation v. Workmen's Compensation Appeal Board,* 21 Pa.Cmwlth. 437, 442, 346 A.2d 379, 382 (1975). See also: *Crouse v. Workmen's Compensation Appeal Board,* 57 Pa.Cmwlth. 430, 435, 426 A.2d 749, 751 (1981).

Hall's oral contract of employment did not include transportation to and from work; he maintained his fixed place of work in his employer's office; he did not conduct business from his home; and at the time of the accident he was not on a special mission for his employer or engaged in the furtherance of his employer's business. Rather, he was returning home at the end of a normal working day. Under

these circumstances, the fact that the automobile was owned by Hall's employer was not sufficient, standing alone, to support a conclusion that Hall's injuries occurred during the course of employment. See: *Gradler v. Prudential Property and Casualty Insurance Company*, 464 F.Supp. 575 (W.D.Pa.1979) cited in *Augostine v. Pennsylvania National Mutual Casualty Insurance Company*, 293 Pa.Super. 50, 52 n. 2, 437 A.2d 985, 986 n. 2 (1981). The trial court correctly held that Hall was not within the scope of his employment at the time of the accident.

▬▬▬ Under the priority scheme for the payment of no-fault benefits, the first source of benefits is the employer's no-fault insurer if an injured employee is the driver or occupant of a vehicle furnished by the employer. 40 P.S. § 1009.204(a). See: *Wagner v. National Indemnity Co.*, 492 Pa. 154, 168, 422 A.2d 1061, 1068 (1980); *Borrell v. Continental Casualty Co.*, 310 Pa.Super. 554, 557, 456 A.2d 1074, 1076 (1983); *Augostine v. Pennsylvania National Mutual Casualty Insurance Co., supra* 293 Pa.Super. at 53, 437 A.2d at 986. It is only when vehicular accidents occur within the scope of employment that the Workmen's Compensation Act[1] bars recovery by an employee from the employer's no-fault carrier. See: *Wagner v. National Indemnity Co., supra* 492 Pa. at 165, 422 A.2d at 1067; *Boothman v. Prudential Property and Casualty Insurance Co.*, 304 Pa.Super. 137, 141, 450 A.2d 139, 141 (1982); *Augostine v. Pennsylvania National Mutual Casualty Insurance Co., supra* 293 Pa.Super. at 54, 437 A.2d at 987; *Adams v. Nationwide Insurance Co.*, 285 Pa.Super. 79, 83, 426 A.2d 1150, 1152 (1981). An employee "using his employer's vehicle for private non-work related reasons . . . [can] recover from his employer's no-fault carrier." *Wagner v. National Indemnity Co., supra* 492 Pa. at 168, 422 A.2d at 1068.

▬▬ In the instant case, Hall was driving a vehicle furnished by his employer but was not within the scope of his

---

1. Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, as amended, 77 P.S. §§ 1–1601.

employment when involved in the accident. Recovery against the employer's no-fault carrier, therefore, was not barred. The trial court correctly determined that Midland Insurance Company was liable to Hall for no-fault benefits and also to reimburse Pennsylvania Manufacturers Association Insurance Company for no-fault benefits which it had mistakenly paid to Hall in an effort to insure prompt payment.[2]

Midland Insurance Company also contends that the trial court erred when it awarded counsel fees to Hall's attorney in the amount of $585.00. In a cross-appeal, Hall contends that the amount of counsel fees awarded was inadequate and that the trial court erred by failing to award interest at the statutory rate of 18% per annum.[3]

An award of counsel fees is controlled by Section 107(3) of the No-fault Act, 40 P.S. § 1009.107(3), which provides:

"If, in any action by a claimant to recover no-fault benefits from an obligor, the court determines that the obligor has denied the claim or any significant part thereof *without reasonable foundation,* the court may award the claimant's attorney a reasonable fee based upon actual time expended." (emphasis supplied)

This has been interpreted to require bad faith on the part of the insurer before an award of counsel fees is proper. See and compare: *Hayes v. Erie Insurance Exchange,* 493 Pa. 150, 154–155, 425 A.2d 419, 421 (1981); *Shomper v. Aetna Life & Casualty Co.,* 309 Pa.Super. 97, 100, 454 A.2d 1101, 1102 (1982); *Baker v. Aetna Casualty & Surety Co.,* 309 Pa.Super. 81, 92, 454 A.2d 1092, 1098 (1982); *Platts v. Government Employees Insurance Co.,* 301 Pa.Super. 379,

2. The writer of the dissenting opinion would find that the controlling facts are unclear and would remand for trial. None of the parties has requested a remand for trial. Instead, they have represented to this Court an agreement reached during a pre-trial conference that the facts were not in dispute and had been fully developed during discovery. Therefore, they agreed to submit to the court, via cross motions for summary judgment, the legal issue of which no-fault carrier was liable to the injured employee.

3. 40 P.S. § 1009.106(a)(2).

384, 447 A.2d 1017, 1019 (1982); *Smith v. Harleysville Insurance Co.*, 275 Pa.Super. 246, 248, 418 A.2d 705, 706 (1980), *aff'd*, 494 Pa. 515, 431 A.2d 974 (1981).

■ In the instant case, the trial court did not find—indeed, Hall did not show—that Midland Insurance Company had been guilty of bad faith. Our own review of the record has disclosed an issue worthy of litigation and not one manufactured without reasonable foundation or in bad faith. Under these circumstances Hall was not entitled to recover counsel fees, and the trial court erred in making an award therefor. See: *Hiers v. Keystone Insurance Co.*, 308 Pa.Super. 288, 292, 454 A.2d 134, 136 (1982).

■ However, Hall was entitled to recover interest at the rate of 18% on benefits that were overdue. The payment of interest at the statutory rate does not depend upon the insurer's denial of a claim in bad faith. Payment of interest at the rate of 18% is required whenever no-fault benefits are "overdue." 40 P.S. § 1009.106. See: *Hayes v. Erie Insurance Exchange, supra* 493 Pa. at 153–155, 425 A.2d at 420–421; *Smiley v. Ohio Casualty Insurance Co.*, 309 Pa.Super. 247, 258, 455 A.2d 142, 148 (1983); *Baker v. Aetna Casualty & Surety Co., supra* 309 Pa.Super. at 96, 454 A.2d at 1099–1100; *Motley v. State Farm Mutual Automobile Insurance Co.*, 303 Pa.Super. 120, 129, 449 A.2d 607, 612 (1982). See also: *Minier v. State Farm Mutual Automobile Insurance Co.*, 309 Pa.Super. 53, 62, 454 A.2d 1078, 1083 (1982).

■ Hall's initial claim for work loss benefits was paid by Pennsylvania Manufacturers Association in a timely manner. It stopped making payments after approximately $4,000.00 had been paid to Hall when it learned of Midland's coverage and determined that Midland's coverage was the primary security for no-fault benefits. Hall is not entitled to recover interest on payments already received from his own insurance carrier.[4] However, he is entitled to be paid

4. These are the payments which the trial court directed Midland Insurance Company to pay to Pennsylvania Manufacturers Associa-

interest at the rate of 18% on moneys payable to him by Midland Insurance Company and which are now overdue.[5]

The order of the trial court, as modified herein, is affirmed.

HOFFMAN, J., files a dissenting opinion.

HOFFMAN, Judge, dissenting:

Because the record is inadequate to support summary judgment, I dissent. All parties moved for summary judgment, but the facts of record remain in dispute. Accordingly, summary judgment is inappropriate, and we should reverse and remand.

An employee going to or from work is in the scope of employment under workmen's compensation law if: (1) the express or implied contract of employment includes such transportation to and from work; (2) the employee does not have a fixed place of work; or (3) the employee is on a special mission for the employer. *Davis v. Workmen's Compensation Appeal Board,* 41 Pa. Commonwealth Ct. 262, 398 A.2d 1105 (1979); *Schick v. Newspaper Guild of Greater Philadelphia,* 25 Pa. Commonwealth Ct. 108, 358 A.2d 127 (1976). Here, the record is consistent with either the first or second circumstance. In the mornings, Hall usually left his home to visit customers. On various evenings he also visited customers before returning home. Thus, although he had an office, his commuting was not between home and a fixed place of work, but rather was in furtherance of his employer's affairs. Similarly, Hall's employer paid for his business-related gasoline with a company-supplied credit card. Hall's deposition does not make clear whether, in practice, this payment included gasoline for commuting. The facts asserted in Hall's deposition

tion by way of reimbursement. No claim for interest on such amount is presently before this Court for review.

5. The trial court did not make a finding concerning the amount of payments which are overdue. We assume that the amount is not in dispute or, if a factual dispute exists, that it will be resolved by the trial court.

suggest, therefore, that Hall's implied contract of employment included commuting and that he lacked a fixed place of work as relevant to this issue. Either proposition regarding his general contract of employment would render non-dispositive the facts relied upon by the majority that the accident occurred on an exceptional day when Hall was not bringing his sales kit home. The evidence to be gleaned from the correspondence showing the insurers' conflicting conclusions on scope of employment fails to resolve the doubt. Moreover, the parties entered no stipulation of agreed facts. Thus, the facts are not only incomplete and inconclusive, but based upon oral testimony whose credibility and weight remains to be determined. *Nanty-Glo v. American Surety Co.*, 309 Pa. 236, 163 A. 523 (1932). Because the present is not among the "clearest of cases" which alone merit summary judgment, *Amabile v. Auto-Kleen Car Wash*, 249 Pa.Superior Ct. 240, 376 A.2d 247 (1977), we should reverse and remand for trial.