## Butler v. Pennsylvania Assigned Claims Plan

*Alan L. Pepicelli,* for plaintiff.

*Jane Ann Thompson,* for defendant U.S. Fire Insurance Co.

*W. Allen Dill,* for defendant Allstate Insurance Co.

STRANAHAN, *P.J.,* September 19, 1985—Albert W. Butler, husband of plaintiff Priscilla Butler, was fatally injured on September 23, 1982. At the time of his injury, Mr. Butler was employed by and per-

forming duties for George Simon Brothers. Mr. Butler was standing on the flatbed portion of a truck owned by his employer, assisting in the loading of scrap metal with a crane. The crane was being operated by a coworker, Earl Hudspeth.

Just prior to Mr. Butler's fatal injury, he was hit on the head by a piece of scrap metal which had fallen from the crane. However, the cause of death reported by the coroner was electrocution. It is unknown at this time the source of the electricity, although it is apparent that the crane was operating in the vicinity of high-powered electrical lines. There is also evidence in the record that it had been raining prior to the incident, although the crane operator did not observe lightning in the area.

Following Albert Butler's fatal accident, his employer notified Westmoreland Casualty Company, [which] is the Workman's Compensation Carrier for George Simon Brothers. The accident was investigated by Kennedy & Company, Inc., on behalf of Westmoreland Casualty and resulted in a determination that Mr. Butler was killed in the course of his employment.[1] Accordingly, it was determined that the claim would be compensible in the amount of $1500 for funeral expense and $90 for ambulance service. This amount was subsequently paid to Isabelle Basham, decedent's mother,[2] by Westmoreland Casualty Company.

---

1. See, letter from Kennedy & Company, Inc., dated October 26, 1982, a document which was produced in response to plaintiff's interrogatory no. 22.

2. The evidence of record indicates that Mr. Butler had been separated from his wife, plaintiff herein, for many years and that she was not dependent upon him for support. Thus, she would not be entitled to Workmen's Compensation benefits under section 307(7) of the act (77 P.S. §562). Since decedent's mother had assumed responsibility for the funeral ex-

Thereafter, Priscilla Butler filed a complaint under the Pennsylvania No-fault Motor Vehicle Act, claiming benefits for work-loss, survivor's loss and funeral expenses.[3] Defendants in this action are U.S. Fire Insurance Company (U.S. Fire), the no-fault liability carrier for George Simon Brothers; Allstate Insurance Company (Allstate), decedent's personal no-fault insurance carrier; and the Pennsylvania Assigned Claims Plan.

Defendant U.S. Fire has moved for a summary judgment, alleging that neither the employer nor its insurance carrier can be liable for injuries sustained by an employee within the course of his employment.[4] Wagner v. National Indemnity Company, 492 Pa. 154, 422 A.2d 1061 (1980). In support of its motion, defendant U.S. Fire submitted an affidavit from George Simon, decedent's employer, admitting that Mr. Butler's fatal injury occurred during the course of his employment.

Defendant's motion for summary judgment is not opposed by plaintiff, who has admitted that the fatal injury occurred during the course of Mr. Butler's employment. Only defendant Allstate opposes this motion, alleging that whether Mr. Butler was killed during the course of and related to his employment is a question of fact for the jury to determine.

---

penses, she received the statutory compensation in return for a release of any further claim.

3. See 40 P.S. §1009.101 et seq., repealed, February 12, 1984, P.L. 26, 8(a), effective October 1, 1984. Solely for purposes of this motion for summary judgment, defendants accept plaintiff's contention that the fatal accident occurred through maintenance or use of a motor vehicle.

4. Section 481 of the Workmen's Compensation Act, June 2, 1915, P.L. 735, art. III, §302(c); as amended, December 5, 1974, P.L. 782, §6, provides that the liability of an employer under the act "shall be exclusive and in place of any and all other liability."

Summary judgment is appropriate when, after examining the pleadings, depositions, interrogatories, admissions of record and supporting affidavits, there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Pa.R.C.P. 1035. Moreover, in reviewing a motion for summary judgment, the court must accept as true all well-pleaded facts in the nonmoving party's pleadings, giving that party the benefit of all reasonable inferences to be drawn therefrom. The record must be free and clear of doubt, and the moving party has the burden of proving that no material factual issues exist. Davis v. Pennzoil Co., 438 Pa. 194, 264 A.2d 597 (1970); Spain v. Vicente, 315 Pa. Super. 135, 461 A.2d 833 (1983).

In opposition to this motion, defendant Allstate submitted a form entitled "Notice of Workmen's Compensation Denial," which was filed by Westmoreland Casualty Company on November 9, 1982. The form is addressed to Albert Butler and was filed on November 12, 1982 with the Department of Labor and Industry, Bureau of Worker's Compensation. The notice states that "[c]ompensation is hereby denied to the above claimant for the following reasons: Cause of death was not causually [sic] related to employment." The form was signed by Joyce Bistok, Claims Supervisor for Westmoreland Casualty Company.

It is this form, defendant Allstate argues, which creates an issue of fact and precludes summary judgment in this case. Allstate contends that if the jury finds that Mr. Butler's fatal injury was not in fact sustained in the course of his employment, then the Workmen's Compensation Act would not apply to bar plaintiff's suit against decedent's employer's no-fault insurance carrier.

Initially, we agree that plaintiff may not maintain this cause of action against U.S. Fire if in fact Mr. Butler's death was sustained in the course of his employment. Wagner v. National Indemnity Company, supra, very clearly holds that when the employer is shielded from liability under the Workmen's Compensation Act, the employer's liability insurance carrier is also immune from suit by an injured employee (or his survivors).[5] Therefore, if Mr. Butler was fatally injured in the course of and related to his employment, then U.S. Fire is entitled to summary judgment against plaintiff.

However, we must disagree with Allstate's contention that the issue of whether Mr. Butler's death was incurred within the scope of his employment is a question of fact to be determined by the jury, thus precluding summary judgment in this case. On the contrary, whether an employee is injured or killed within the scope of his employment is a question of *law* to be decided upon all of the facts in a particular case. Hall v. Midland Insurance Co., 320 Pa. Super. 281, 467 A.2d 324 (1983); Sylvester v. Peruso, 286 Pa. Super. 225, 428 A.2d 653 (1981). Therefore, if the record before this court shows without a doubt that Mr. Butler's fatal injury was sustained within the scope of his employment, then U.S. Fire is entitled to judgment as a matter of law.

Moreover, defendant Allstate's reliance on the claim denial submitted by Westmoreland Casualty is misplaced. This form denial is not dispositive of the issue, as the facts surrounding Mr. Butler's fatal accident are not disputed, an agent for Westmore-

---

5. See also Boothman v. Prudential Property Casualty Insurance Co., 304 Pa. Super. 137, 450 A.2d 139 (1982); Ellisor v. Allstate Insurance Co., 325 Pa. Super. 318, 472 A.2d 1138 (1984).

land Casualty had admitted that Mr. Butler's died while performing duties for his employer within the course of his employment,[6] and further, since Westmoreland Casualty actually made the required payment of benefits mandated by the Workmen's Compensation Act. It is certainly difficult for this court to place much reliance on a denial notice which was never appealed to or reviewed by the Bureau of Worker's Compensation, especially in light of the foregoing facts.

Accordingly, after careful review of the record in this case, we are convinced that Mr. Butler's fatal injuries were sustained during the course of and related to his employment. There are no disputed material issues of fact for the jury to resolve, and we believe that defendant U.S. Fire is entitled to summary judgment as a matter of law.

---

6. See the transcript of the deposition of Roger A. Bone, Claims Manager for Westmoreland Casualty, wherein Mr. Bone admits that their investigation file contains no information or documentation whatsoever to show that Mr. Butler was not conducting his employer's business at the time of his fatal accident, or that the injuries leading to Mr. Butler's death did not arise out of the course of his employment. Mr. Bone's only explanation for the denial consisted of the facts that there appeared to be no eligible dependents and that it was possible that Mr. Butler had been struck by lightning, although there was no evidence to support that hypothesis. Moreover, we would not accept the validity of that conclusion in any event. All that is necessary to sustain a claim for Workmen's Compensation benefits is that the employee show that the injury arose during the course of employment and that it was related to that employment. Krawchuk v. Philadelphia Electric Co., 497 Pa. 115, 439 A.2d 627 (1981). Injuries caused in whole or part by climatic conditions are compensable, since the climatic conditions in which a job is performed are clearly work-related. R.F.Post, Inc. v. Workmen's Compensation Appeal Board, 32 Pa. Commw. 203, 378 A.2d 1030 (1977).

We are not dissuaded from this conclusion by Allstate's arguments or cited legal authority. Initially, as noted above, we find the issue of whether Mr. Butler's fatal injuries were sustained within the scope of his employment to be a *legal* issue, and thus appropriately resolved at this stage of the proceedings by the court. Allstate's reliance upon the case of Boniecke v. McGraw-Edison Company, 485 Pa. 163, 401 A.2d 345 (1979), is misplaced on this issue. In that case, the court found that the question of compensability under the Workmen's Compensation Act could not be resolved from the record which was then before the court (the claimant there had been denied coverage under the Occupational Disease Act, 77 P.S. §1201 et seq., but had never applied for Workmen's Compensation benefits). In the instant case, however, the record fully substantiates that Mr. Butler's fatal injuries occurred during the course of and related to his employment.

Allstate's reliance on the case of Anzese v. Commonwealth of Pennsylvania Workmen's Compensation Appeal Board, 35 Pa. Commw. 256, 385 A.2d 625 (1978), is also misplaced. In that case, the employee had punched out, left work and was on his motorcycle in his employer's parking lot when struck by lightning. The court there held that the injury was not sustained in the course of employment because, inter alia, the employee was not actually engaged in the furtherance of his employer's business at the time of the injury. That case is obviously not precedent here, where the employee was unquestionably on the job and performing his required duties at the time he sustained his injuries.

Finally, we do not believe that the case of Brunelli v. Farelly Brothers, 266 Pa. Super. 23, 402 A.2d 1058 (1979), holds that the employer's no-fault in-

surance carrier must pay benefits and then be subrogated to the Workmen's Compensation carrier. That case involved a claim for no-fault benefits from a third-party tortfeasor, rather than an employer who is entitled to immunity from suit when an injury is sustained in the course of employment.

In summary, we find that Mr. Butler's fatal injuries were without a doubt incurred within the course of and related to his employment. Therefore, his injuries would have been compensable under the Workmen's Compensation Act and neither he nor his survivors may maintain a direct suit against his employer or his employer's no-fault insurance carrier, U.S. Fire. Accordingly, U.S. Fire is entitled to summary judgment in its favor.

Hence, this

### ORDER OF COURT

And now, September 19, 1985, upon consideration of the foregoing motion for summary judgment, it is hereby ordered that the motion is granted and summary judgment be entered in favor of defendant U.S. Fire Insurance Company.