## Bulgin v. Pa. Assigned Claims Plan

*James R. Ronca,* for plaintiff.
*John L. Heaton,* for defendant.

SHUGHART, *P.J.,* March 7, 1983 — Plaintiff filed suit in her own right and as administratrix of her husband's estate to recover survivor's loss benefits, work loss benefits, and counsel fees and costs under the Pennsylvania No-fault Motor Vehicle Insurance Act of July 9, 1974, P.L. 489, 40 P.S. §§1009.101-.701 (pkt. part 1982-83) (hereinafter No-fault Act). Plaintiff's husband, who was without a no-fault automobile insurance policy of his own, had sustained fatal injuries in an automobile accident while in the scope of his employment. Recognizing that she could not recover from the employer's no-fault insurance carrier, Wagner v. National Indemnity Co., 492 Pa. 154, 422 A.2d 1061 (1980), plaintiff sought to recover no-fault benefits from the Assigned Claims Plan. Benefits were denied, hence this suit.

Defendant's arguments that plaintiff is limited to benefits under the Workmen's Compensation Act have previously been rejected by this court. Bulgin v. Pennsylvania Assigned Claims Plan, 21 D. & C. 3d 15 (1981). Since our September 21, 1981, opinion and order disposing of defendant's preliminary objections, the pleadings have closed and discovery has been completed. Certain factual stipulations

were filed by the parties on August 20, 1982, and defense counsel later listed the case for oral argument. No motion for summary judgment has been filed by either side although the parties have proceeded with argument as if one had. On his praecipe listing the case for argument, defense counsel stated under the heading "matter to be argued": "Opposing briefs covering all outstanding legal issues to finally dispose of case." Although the record is insufficient to enter judgment on the claims filed by plaintiff in her own right, the claim of the estate for work loss benefits is ripe for decision. No dispute exists as to the material facts; only questions of law remain. Therefore, we will consider the case to be before us on motions for summary judgment as to the estate's claim for work loss benefits.

The first issue concerns the method of payment of work loss benefits to an estate. Whether the unpaid benefits were payable in a lump sum upon proof of loss or in monthly installments of $1,000 each has a direct bearing on the calculation of interest due. Unfortunately, the parties' interpretations of the only appellate court case on point are not in harmony. Their confusion is understandable; however, we must agree with the plaintiff that under Hartleb v. Ohio Casualty Insurance Co.,       Pa. Super.    , 451 A.2d 506 (1982), work loss benefits are payable to an estate in a lump sum. The Superior Court apparently reached this result by reasoning that no purpose would be served by delaying full payment since "there was no chance that the deceased victim would return to work." Id. at, 451 A.2d at 510.

The parties have stipulated that proof of the fact and amount of loss sustained was submitted to defendant on November 24, 1980. Defendant had 30

days to pay the estate before the payment would be considered overdue and before interest charges would accrue. 40 P.S. §1009.106(a)(2). Applying Hartleb, the 18 percent per annum interest charge imposed by section 106 of the No-fault Act should be calculated on the entire $15,000 of work loss benefits, which was due December 24, 1980. Judgment will be entered accordingly.

The remaining issue before the court is whether plaintiff, suing as administratrix of her husband's estate, should be awarded attorney's fees and costs. Although both sides have briefed and argued this issue, our review of the record discloses that no such relief was requested in count I of the amended complaint, the claim on behalf of the estate. We could deny relief on that ground; however, we find that an award of attorney's fees is inappropriate in any event. According to section 107 of the No-fault Act, attorney's fees may be awarded when the obligor has denied the claim without reasonable foundation. 40 P.S. §1009.107. "Where an insurer provides reasonable arguments and is not shown to have acted in bad faith, the insurer is not liable for attorney's fees." Hiers v. Keystone Insurance Co.,      Pa. Super.      ,      , 454 A.2d 134, 136 (1982). We cannot say that the defendant was unreasonable in its denial of the estate's claim in this case, especially in light of the acceptance of its position by at least one well-respected court. See Wagner v. Pennsylvania Assigned Claims Plan, 104 Dauphin 1 (1982); Mumma v. Pennsylvania Assigned Claims Plan, 104 Dauphin 24 (1982). Although we have rejected the position that plaintiff cannot recover from the Assigned Claims Plan, we are not prepared to say that such a position lacked reasonable foundation. Accordingly, attorney's fees shall be denied.

## ORDER OF COURT

And now, March 7, 1983, for the reasons appearing in the opinion filed this date, summary judgment is granted for the plaintiff-administratrix of the estate of Steven J. Bulgin and against defendant, the Pennsylvania Assigned Claims Plan, in the amount of $15,000 with 18 percent per annum interest from December 24, 1980. Attorney's fees and costs are denied.