403 A.2d 118

Mary P. WAGNER, Administratrix of the Estate of Edward S. Wagner, Jr., Deceased, Appellant,

v.

NATIONAL INDEMNITY COMPANY.

Superior Court of Pennsylvania.

Argued March 12, 1979.

Decided May 16, 1979.

Petition for Allowance of Appeal Granted Sept. 10, 1979.

Neil J. Rovner, Harrisburg, for appellant.

Robert P. Reed, Harrisburg, for appellee.

Before CERCONE, President Judge, and WIEAND and HOFFMAN, JJ.

PER CURIAM:

This is an appeal from a dismissal of an action brought by decedent's estate against the decedent's employer's no-fault insurance carrier for work loss and survivor's loss benefits under the No-Fault Motor Vehicle Insurance Act, 40 P.S. § 1009.101 et seq. (Supp.1978–79). Plaintiff's decedent was killed while operating a tractor owned by his employer during the course of his employment. Decedent's family is presently receiving death benefits pursuant to the Workmen's Compensation Act, 77 P.S. § 1 et seq. (Supp.1978–79).

In *Turner v. Southeastern Pennsylvania Transportation Authority*, 256 Pa.Super. 43, 389 A.2d 591 (1978), we held that a professional driver injured during the course of his employment had as his exclusive remedy against his employer the Workmen's Compensation Act, and we barred any recovery under the No-Fault Act. Appellant here argues that the result should be otherwise where the employer is not a self-insurer as was the case in *Turner*. *Turner* was not so limited and we can see no logic in such a distinction.

Order affirmed.