## Walton v. Harleysville Mutual Insurance Company

*James E. Del Bello,* for plaintiff.
*William D. March,* for defendant.
*Rafael A. Porrata-Doria,* for Pennsylvania As-, signed Claims Plan.

JEROME, *J.,* October 21, 1980.— Plaintiff was injured on December 1, 1978 while in the course of his employment as a truck driver. As a result of the injuries, he has not been able to return to work since the time of the accident. At the time of the accident, he was earning $324.39 per week. He is currently receiving workmen's compensation benefits of $213 a week which are being paid by Erie Insurance Exchange, the workmen's compensation carrier of his employer: The Pennsylvania Workmen's Compensation Act of June 2, 1915, P.L. 736, as amended, 77 P.S. §1 et seq.

The vehicle which plaintiff was operating at the time of the accident (his employer's truck) was insured by General Accident Insurance Company. Further, at the time of the accident plaintiff had his

own no-fault insurance policy provided by defendant Harleysville Mutual Insurance Company.

Following the accident, plaintiff commenced this action (orginally in assumpsit) against Harleysville Mutual Insurance Company seeking to recover the difference between his salary at the time of the accident ($324.39) and the $213 per week he was receiving from the workmen's compensation carrier. In other words, he sought to recover the sum of $111.39 per week since December 1, 1978. Said amount was sought under the no-fault provision of plaintiff's own policy with the defendant Harleysville.

Subsequent to the filing of the complaint, plaintiff's attorney and Harleysville's attorney stipulated that the form of the action be changed from assumpsit to a claim for statutory benefits under the Pennsylvania No-fault Motor Vehicle Insurance Act of July 19, 1974, P.L. 489, art. I, sec. 101, 40 P.S. § 1009.101 et seq. Plaintiff subsequently filed a petition in place of the complaint joining, in addition to Harleysville, the Pennsylvania Assigned Claims Bureau, also known as the Pennsylvania Assigned Claims Plan.

Thereafter, all parties stipulated as to the relevant facts and they have presented to this court for determination (on the basis of the pleadings and the stipulated facts) the issue as to which, if any, of the insurance carriers are responsible for the payment of Mr. Walton's wage loss.

The decision in this case is somewhat complicated by three seemingly inconsistent decisions of the Superior Court of Pennsylvania. In the case of Turner v. SEPTA, 256 Pa. Superior Ct. 43, 389 A. 2d 591 (1978), a plaintiff employe injured on the job was denied workmen's compensation benefits be-

cause he refused to submit to a medical examination. He proceeded to sue SEPTA (a self-insurer under the No-fault Act) for basic loss benefits under the No-fault Act. The Superior Court held that the Workmen's Compensation Act was his exclusive remedy against his employer. They rejected his argument that sections 204 and 206 of the No-fault Act carved out an exception to the workmen's compensation "exclusive remedy" rule. The court stated at 256 Pa. Superior Ct. 47, 389 A. 2d 593:

"This section, we believe, was intended to complement the Workmen's Compensation Act rather than supplant it. We interpret it to apply to situations other than the one where the employee is covered by Workmen's Compensation, such as when an employee or his relatives are injured while driving a vehicle furnished by the employer for their private use."

The court, after examining section 206(a) of the No-fault Act which provides that workmen's compensation benefits shall be subtracted from loss in calculating net loss concluded at 256 Pa. Superior Ct. 48, 389 A. 2d 594:

"The reference to Workmen's Compensation in this section is admittedly not entirely clear. It may well be, as appellee argues, that Section 206 is intended to provide for subtraction of Workmen's Compensation benefits received from the employer, from any no-fault recovery obtained by the employee from the insurer of a vehicle owner other than the employer. This could only occur if the employee were injured while using his own car or that of a third party in the course of conducting his employer's business. Thus Section 206 does *not apply* to a situation such as that presented in the instant

case, i.e., when the employee is driving the employer's vehicle while conducting the employer's business." (Emphasis supplied.)

The court thus held that an employe covered by the Workmen's Compensation Act who is injured while driving his employer's vehicle while conducting his employer's business, cannot recover under the No-fault Act in addition to recovering workmen's compensation benefits.

In the case of Wagner v. National Indemnity Company, 266 Pa. Superior Ct. 110, 403 A. 2d 118 (1979), the widow of an employe who was killed while driving his employer's vehicle in the course of his employment sued the employer's no-fault insurer for the difference between the workmen's compensation benefits she was receiving and the no-fault benefits. She argued the Turner case was distinguishable in that the employer here was not a self-insurer as was the case in Turner. The Superior Court rejected this argument holding that this matter was controlled by Turner and plaintiff's claim was barred.

In the case of Brunelli v. Farelly Brothers, 266 Pa. Superior Ct. 23, 402 A. 2d 1058 (1979), following an accident in which the employe was injured while operating his employer's vehicle in the course of his employment, the employe sued the third party driving another vehicle. The employer's workmen's compensation carrier petitioned to intervene in the employe's tort action alleging subrogation rights to any recovery which plaintiff employe might recover, at least to the extent of the workmen's compensation benefits the insurer had paid.

The Superior Court held that the workmen's compensation carrier could not recover because workmen's compensation benefits were primary to

and less than no-fault benefits and that the No-fault Act barred any recovery from a tortfeasor except for amounts above the no-fault basic loss benefits.

In a footnote, the court cast some doubt on the validity of the Turner case. It characterized the language in Turner as "dicta," stating:

"A word of caution is in order. The Pennsylvania Workmen's Compensation Act, 77 P.S. Sec. 481, provides that the liability of an *employer* to an employee shall be controlled exclusively by that Act. The Workmen's Compensation Act does not affect an employee's cause of action against a *third party* tortfeasor, except for prohibiting the third party from recovering contribution from the employer for damages which the third party is required to pay to the employee-victim (77 P.S. Sec. 481). No-fault applies to an action between the employee and the third party. Turner . . . did not contemplate the situation which now confronts us. Although the basic decision in Turner was correct, the dictum in Turner was incorrect insofar as it indicated that No-Fault Sec. 206(a) (providing for subtraction of Workmen's Compensation benefits from "loss" in calculating "new loss") did not apply when an employee was driving the employer's car." 266 Pa. Superior Ct. 28, fn. 6, 402 A. 2d 1061, fn. 6. (Emphasis in original.)

After Brunelli, it is clear that the workmen's compensation remedy is not an exclusive one and that an employe can recover the difference between the no-fault benefits and the workmen's compensation benefits from an insurer. The question remains, however, which insurer.

Initially, we think it appropriate to deal with the claim against the Pennsylvania Assigned Claims

Plan. From the above conclusion, it is clear that the plan cannot be liable under any circumstances for the Walton claim. The plan is responsible only if sources of insurance described in the plan are not available. Coverage is available, however, either from Harleysville or General Accident depending on this court's decision and, therefore, the petition against the plan will be dismissed.

A more difficult decision, however, is with regard to Mr. Walton's claim against his own carrier, Harleysville. The attorney for Harleysville makes the compelling argument that in view of Brunelli we should treat Turner and Wagner as overruled and find, in effect, that Mr. Walton's claim should be directed against General Accident (a party not involved in this case). We do not feel that we can ignore the Superior Court's decisions in Turner and Wagner. In this regard, the recent decision of Maxwell v. Allstate Insurance Company in Allegheny County, 12 D. & C. 3d 78 (1979), supports this view. In that case, plaintiff instituted suit against his no-fault insurance carrier to recover the additional wage loss he had incurred because of the difference between the workmen's compensation payments and those provided under the No-fault Act. Initially, the court rejected the argument that the employer's workmen's compensation benefits were exclusive. With regard to Allstate's contention that the employe was limited to any benefits which the employer's insurance carrier was obligated to pay, the court stated at 12 D. & C. 3d 80:

"We reject Allstate's contention. Section 204(a)(1) is intended to apply only to situations in which the employee is not covered by Workmen's Compensation. See Turner v. Southeastern Pennsylvania Transportation Authority, supra. Thus

this priority is inapplicable to the present case and, consequently, plaintiff is entitled to look to the second priority of Section 204 for his basic loss benefits. Under this priority, plaintiff is entitled to seek no-fault benefits from his no-fault carrier."

In passing it should be noted that the attorney for Harleysville also argued there was an exclusion in the Harleysville policy to the effect that if the injury occurred while occupying a motor vehicle owned by one's employer, the Harleysville insurance would not be applicable. The court is of the opinion that that exclusion has no effect since it is inconsistent with the statute and therefore rejected that argument.

In view of the above, we therefore enter the following

### ORDER

And now, October 21, 1980, after hearing arguments in the above matter and upon consideration of the briefs of counsel, pleadings and factual stipulations presented, it is hereby ordered and decreed as follows:

1. The claim of Dale H. Walton, petitioner, against Harleysville Mutual Insurance Company for payment of wage loss of $111.39 per week since December 1, 1978 be and the same is hereby granted. Harleysville Mutual Insurance Company is directed to pay said claim until such time as the disability ceases.

2. The claim of Dale H. Walton against Pennsylvania Assigned Claims Bureau, a/k/a Pennsylvania Assigned Claims Plan, be and the same is hereby dismissed.

704

JEROME, *J.*, November 19, 1980—Since filing the opinion in the instant case, we have learned that the Supreme Court of Pennsylvania in Wagner v. National Indemnity Co., _____ Pa. _____, 422 A. 2d 1061 (1980), has affirmed the opinion of the Superior Court, 266 Pa. Superior Ct. 110, 403 A. 2d 118 (1979), relied upon by this court in its opinion dated October 21, 1980.

Moreover, the Supreme Court held that where an employe is injured while in the course of his employment he may obtain the difference between workmen's compensation benefits and no-fault benefits from *his own* insurance carrier. That holding would appear to support this court's opinion and order.

We arrive at the above conclusion because the Supreme Court in Wagner, supra, stated at p. 1064 of its opinion as follows:

"Section 204 provides:

"(a) Applicable security.—The security for the payment of basic loss benefits applicable to an injury to:

"(1) An employee, or to the spouse or other relative of any employee residing in the same household as the employee, if the accident resulting in injury occurs while the victim or deceased victim is driving or occupying a motor vehicle furnished by such employee's employer, is the security for the payment of basic loss benefits covering such motor vehicle or, if none, any other security applicable to such victim;

"(2) An insured is the security under which the victim or deceased victim is insured;

"(3) The driver or other occupant of a motor vehicle involved in an accident resulting in injury

who is not an insured is the security covering such vehicle;

"(4) An individual who is not an insured or the driver or other occupant of a motor vehicle involved in an accident resulting in injury is the security covering any motor vehicle involved in such accident. For purposes of this paragraph, a parked and unoccupied motor vehicle is not a motor vehicle involved in an accident unless it was parked so as to cause unreasonable risk of injury; and

"(5) Any other individual is the applicable assigned claims plan." 40 P.S. § 1009.204.

In addition, at p. 1067, the Supreme Court stated:

"However, where an employee is injured in an accident and is covered by workmen's compensation, this by no means precludes recovery under no-fault; Section 303 of the Workmen's Compensation Act precludes recovery from the employer only. Thus, while no recovery is allowed under Section 204(a)(1) against the employer's no-fault carrier because of the exclusivity section of workmen's compensation, an insured employee could recover under Section 204(a)(2)-(5) if applicable. From this recovery, the workmen's compensation benefits would be deducted as called for in Section 206 of the No-Fault Act."

We believe, in light of the foregoing, as we earlier stated, that an employe who was injured while in the course of his employment may obtain the difference between workmen's compensation and no-fault benefits from his own insurance carrier, section 204(a)(2), 40 P.S. § 1009.204(a)(2), and we so ordered.