456 A.2d 1074

**William BORRELL**

v.

**CONTINENTAL CASUALTY COMPANY and Commercial Union Assurance Company and Pennsylvania Assigned Claims Plan.**

**Appeal of PENNSYLVANIA ASSIGNED CLAIMS PLAN.**

Superior Court of Pennsylvania.

Argued June 3, 1982.

Filed Feb. 25, 1983.

Petition for Allowance of Appeal Denied Oct. 7, 1983.

David B. Glancey, Harrisburg, for appellant.

Richard K. Hohn, Philadelphia, for appellees.

Before HESTER, CIRILLO and JOHNSON, JJ.

HESTER, Judge:

On October 14, 1977, appellee, William Borrell (Borrell) was involved in a two vehicle accident while operating a motor vehicle owned by his employer, Lukens Steel Company. Borrell was engaged on company business at the time of the accident. The other vehicle involved was owned by the Orthliep Company and operated by an employee of that company. The Lukens vehicle was insured by Continental Casualty Company (Continental). The Orthliep vehicle was insured by Commercial Union Assurance Company (Commercial Union). Borrell was not insured. He did not own a motor vehicle.

Borrell applied for and received benefits from his employer pursuant to the Pennsylvania Workmen's Compensation Act.

Appellee, Borrell, then instituted the within action in order to recover basic loss benefits under the No-fault Act, 40 P.S. Section 1009.101 et seq., against Continental Casualty Company, Commercial Union and the Pennsylvania As-

signed Claims Plan, in excess of the benefits received under the Workmen's Compensation Act.

The court below granted judgment on the pleadings in favor of Commercial Union and Continental Casualty. The court also entered judgment against appellant, Pennsylvania Assigned Claims Plan, in favor of appellee for the difference between the benefits paid him under the provisions of the Workmen's Compensation Act and the benefits due to him under the No-fault Act, or $2,706.56.

This is an appeal by the Assigned Claims Plan from that ruling.

We affirm.

■ The appellant, the Assigned Claims Plan, argues that the appellee, an employee, injured while operating his employer's motor vehicle while in the course of his employment is entitled to receive only Workmen's Compensation benefits and not the benefits provided for under the No-fault Act. In other words, the Workmen's Compensation award is appellee's exclusive remedy.

Appellant cites *Wagner v. National Indemnity Company*, 492 Pa. 154, 422 A.2d 1061 (1980), as authority for this proposition. In *Wagner*, supra, suit was brought by the estate of a decedent, who was killed while operating his employer's tractor during the course of his employment, to recover work loss and survivor's loss benefits from the employer's no-fault insurance carrier. Our Supreme Court held that an employee injured in the scope of his employment while driving his employer's vehicle may recover only workmen's compensation benefits from his employer or the employer's workmen's compensation carrier and may not recover against the employer's no-fault carrier. However, the Court, in *Wagner*, specifically stated:

"... where an employee is injured in an accident and is covered by workmen's compensation, this by no means precludes recovery under no-fault; Section 303 of *the Workmen's Compensation Act precludes recovery from the employer only.* Thus, while no recovery is allowed

under Section 204(a)(1) against the employer's no-fault carrier because of the exclusivity section of workmen's compensation, *an insured employee could recover under Section 204(a)(2)(5) if applicable. From this recovery, the workmen's compensation benefits would be deducted as called for in Section 206 of the No-Fault Act.*"

\* \* \* \* \* \*

"In sum, an employee injured in the scope of his employment while driving his employer's vehicle may recover only workmen's compensation benefits from his employer or the employer's workmen's compensation carrier; such a result is compelled by Section 303 of the Workmen's Compensation Act. The injured employee may, if applicable, proceed against any of the applicable security mentioned in Section 204(a)(2)–(5). Should the employee recover no-fault benefits, workmen's compensation benefits must first be deducted from any no-fault benefits to be paid. Should an employee be using his employer's vehicle for private non-work related reasons, the employee could recover from his employer's no-fault carrier." (emphasis added). 492 Pa. 154, 165, 168, 442 A.2d 1061, 1067, 1068 (1980).

It is to be noted that our Court, in *Adams v. Nationwide Insurance Company*, 285 Pa.Super. 79, 426 A.2d 1150 (1981), has interpreted the above section of *Wagner* to permit a suit against his own no-fault carrier by a victim injured while driving his own automobile, but within the scope of his employment. The Court noted that *Wagner*, supra, only prohibits an action under Section 204(a)(1) of the No-fault Act, and since this action by the employee was under Section 204(a)(2), it was not in conflict with the Workmen's Compensation Act, 77 P.S. § 481(a), (Section 303), (1974).[1] Also, two recent decisions by our Court have

---

1. Section 303 of the Workmen's Compensation Act provides:
   "The liability of an employer under this act shall be exclusive and in place of any and all other liability to such employees, his legal representative, husband or wife, parents, dependents, next of kin or anyone otherwise entitled to damages in any action at law or otherwise on account of any injury or death ... or occupational

permitted actions by employees under Section 204(a)(2). See *Motley v. State Farm Mutual Automobile Insurance Company*, 303 Pa.Super. 120, 449 A.2d 607 (1982); *Augostine v. Pennsylvania National Mutual Casualty Insurance Company*, 293 Pa.Super. 50, 437 A.2d 985 (1981). The employee-victim was permitted to recover from his own no-fault carrier.

Therefore, appellee, Borrell, has a potential recovery under Section 204(a)(5), which provides:

"(a) Applicable Security.—The security for the payment of basic loss benefits applicable to an injury to:

(5) any other individual is the applicable Assigned Claims Plan." [2]

This section directs individuals such as Borrell who are not entitled to no-fault benefits under the preceding sections to seek recovery from the Pennsylvania Assigned Claims Plan. 40 P.S. § 1009.204(a)(5). The Plan is a statutorily created fund designed as a safeguard for unforeseen situations in which no carrier which receives premiums is available to respond. 40 P.S. § 1009.108.

In view of the foregoing, we therefore now hold that where an employee sustains an injury as the result of a motor vehicle accident while operating his employer's vehicle during the course of his employment, not owning a motor vehicle and being uninsured, that person may recover no-fault benefits from the Pennsylvania Assigned Claim Plan in excess of the recovery provided by the Workmen's Compensation Act.

disease ...". As amended, Act of December 5, 1974, P.L. 782, No. 263, § 6, 77 P.S. § 481(a) (Supp.1979–80).

2. In drafting the No-fault Act, the Legislature sought to insure that all individuals injured as a result of motor vehicle accidents in the Commonwealth would be equitably compensated for their injuries. 40 P.S. § 1009.102(a)(3), (9), and (b). No distinctions were drawn between persons injured in the course of their employment and those injured during private pursuits. 40 P.S. § 1009.101 et seq. Rather, provision was made for similarly injured individuals to be compensated equally and from multiple sources of applicable security, if necessary. 40 P.S. § 1009.204(b).

■ The judgment on the pleadings entered by the trial court in favor of Commercial Union Assurance Company, the carrier of the other vehicle involved, will also be affirmed. We held in *Schimmelbusch v. Royal Globe Ins. Co.*, 247 Pa.Super. 28, 371 A.2d 1021 (1977), that the uninsured driver of an uninsured car had to submit his claim to the assigned claims bureau, rather than to the insurer of the other vehicle involved in the accident.

Orders affirmed.