449 A.2d 607

**Kenneth MOTLEY**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 26, 1981.

Filed Aug. 6, 1982.

Petition for Allowance of Appeal
Granted April 14, 1983.

Bernard W. O'Keefe, Pittsburgh, for appellant.

E. J. Strassburger, Pittsburgh, for appellee.

Before SPAETH, HESTER and JOHNSON, JJ.

JOHNSON, Judge:

This is an appeal by an insurance company from an order granting summary judgment for an insured and against the insurance company. The order awards wage loss benefits to the insured over and above the benefits he received from his

employer under the Workmen's Compensation Act[1] so as to make up the difference between actual wage loss and the benefits received. The order also awards counsel fees and costs to the insured, as well as interest on the benefits awarded at the rate of 18%, pursuant to the Pennsylvania No-Fault Motor Vehicle Insurance Act.[2] We affirm.

The insured, the appellee in this case, an employee of the City of Pittsburgh, was a passenger in a City of Pittsburgh truck which was involved in a motor vehicle collision. At the time of the accident the insured was acting within the scope of his employment. He incurred personal injuries in the collision and has since then been unable to return to his job with the City. The insured also had part-time evening work as a janitor for another employer, and has not been able to resume that work either. His weekly wages from the two jobs were $282.96, of which $245.76 was the City wages and $37.20 was the janitor's wages. Since the accident the insured has received $163.84 per week in Workmen's Compensation benefits from the City. He accordingly submitted a claim to appellant, the insurance company with whom he had no-fault insurance coverage for his personal automobile, for wage loss benefits over the amount paid under Workmen's Compensation. The insurance company denied the claim on the grounds that the insured should recover exclusively from his employer's insurance carrier. The insured thereupon filed suit in assumpsit against the insurance company, his own insurer. The complaint included a request for attorney's fees and costs, and for interest on the payments at the 18% rate. The plaintiff subsequently

1. The Pennsylvania Workmen's Compensation Act of 1915, Act of June 2, 1915, P.L. 736, Art. I., *as amended*, 77 P.S. §§ 1–1601 (Purdon 1952 & Supp.).

2. Act of July 19, 1974, P.L. 489, No. 176, 40 P.S. §§ 1009.101–.701 (Purdon Supp.1981). Section 1009.106(a)(2) provides in pertinent part: "Overdue payments bear interest at the rate of eighteen percent (18%) per annum." Section 1009.107(3) provides: "If, in any action by a claimant to recover no-fault benefits from an obligor, the court determines that the obligor has denied the claim ... without reasonable foundation, the court may award the claimant's attorney a reasonable fee based upon actual time expended."

filed a motion for summary judgment which was granted by Judge WETTICK.

In its appeal the insurance company raises three questions: (1) whether an employee injured in the course of his employment while occupying his employer's vehicle, who receives Workmen's Compensation benefits, is entitled to recover the excess wage loss benefits from his own no-fault insurance carrier; (2) how the wage loss benefits should be computed; (3) whether the plaintiff is entitled to attorney's fees.

I

As to the first issue, the insurance company argues that the insured should recover only from his employer's no-fault insurance carrier. This argument is presented to us despite the holding in *Wagner v. National Indemnity Company*, 492 Pa. 154, 422 A.2d 1061 (1980), which held specifically that an employee injured in the scope of his employment while driving his employer's vehicle may not recover excess benefits, i.e., benefits over and above his Workmen's Compensation benefits, from his employer's no-fault carrier. In *Wagner* the Supreme Court said:

[W]here an employee is injured in an accident and is covered by workmen's compensation, this by no means precludes recovery under no-fault; Section 303 of the Workmen's Compensation Act precludes recovery from the employer only. Thus, while no recovery is allowed under Section 204(a)(1) against the employer's no-fault carrier because of the exclusivity section of workmen's compensation, an insured employee could recover under Section 204(a)(2)–(5) if applicable. From this recovery, the workmen's compensation benefits would be deducted as called for in Section 206 of the No-Fault Act.

.    .    .    .    .

In sum, an employee injured in the scope of his employment while driving his employer's vehicle may recover only workmen's compensation benefits from his employer or the employer's workmen's compensation carrier; such a

result is compelled by Section 303 of the Workmen's Compensation Act. The injured employee may, if applicable, proceed against any of the applicable security mentioned in Section 204(a)(2)–(5). Should the employee recover no-fault benefits, workmen's compensation benefits must first be deducted from any no-fault benefits to be paid.

492 Pa. at 165, 168, 422 A.2d at 1067–1068. *See Augustine v. Pennsylvania National Mutual Casualty Insurance Co.*, 293 Pa.Super. 50, 437 A.2d 985 (1981) (employee, injured while alighting from employer's truck, who received Workmen's Compensation total disability benefits, may proceed against his own no-fault insurer for basic loss benefits); *Adams v. Nationwide Insurance Co.*, 285 Pa.Super. 79, 426 A.2d 1150 (1981) (employee injured while driving his own automobile within the scope of his employment is entitled to receive work-loss benefits from his own no-fault insurance carrier to make up the difference between his actual wage loss and the Workmen's Compensation benefits received). *See also, Turner v. Southeastern Pennsylvania Transportation Authority*, 256 Pa.Super. 43, 389 A.2d 591 (1978) (injured employee who was denied Workmen's Compensation benefits because he refused to submit to a medical examination could not recover from employer under the No-Fault Act).

As the lower court found, this case is controlled by *Wagner* and we fail to see why the appellant insurance company persists with its argument to the contrary. The law is quite clear that the insured may recover from his own no-fault insurance company for the wage loss not covered by the Workmen's Compensation payments, and not from his employer's no-fault carrier.

## II

The insurance company's next argument involves the method used to calculate the amount due under the policy with the insured. Pursuant to the court's order that counsel prepare a proposed order specifying the amount of the

judgment to which the insured was entitled,[3] the final order of the lower court was as follows: [4]

(1) defendant shall pay to plaintiff the sum of $4,151.68, representing excess wage-loss benefits under the No-Fault Act from February 19, 1980 to February 19, 1981, calculated as follows:

| | |
|---|---:|
| Gross Wages (City) | $245.76/wk. |
| Gross Wages (Central) | 37.20/wk. |
| Total Gross Wages | $282.96/wk. |
| Workmen's Compensation (City) | $163.84/wk. |
| Gross Wages | $1,226.16/mo. |
| Workmen's Compensation | 709.97/mo. |
| Gross Excess Wage Loss Claim | $516.19/mo. |
| Tax Deduction (per *Brown*) [5] | $170.20/mo. |
| Net Excess Wage Loss Claim | $345.99/mo. |
| Net Excess Wage Loss Claim | 79.84/wk. |
| Weeks Disabled To Date (2/19/81) | x 52 |
| EXCESS WAGE LOSS CLAIM DUE . . . . . . . | $4,151.68 |

(2) defendant shall pay to plaintiff the additional sum of $369.95, representing interest on said benefits, at the rate of eighteen percent (18%) per annum, from October 1, 1980 through April, 1981;

(3) defendant shall pay to plaintiff's counsel, E. J. Strassburger, Esquire, the sum of $1,057.50, representing reasonable counsel fees based upon 14.1 hours at $75 per hour; and

(4) defendant shall pay all record costs.

The insurance company, however, argues that the Workmen's Compensation payments and the no-fault payments together should not exceed $1,000. Citing the No-Fault Act, it proposes a calculation whereby the insured's maximum amount of monthly benefits would be $1,000.00, from which the Workmen's Compensation benefits would be deducted.

**3.** *Motley v. State Farm Mutual Automobile Insurance Co.*, No. 9890 of 1980 (C.P. Allegheny County, April 16, 1981).

**4.** *Id.*, order dated April 29, 1981.

**5.** *See* note 7 *infra.*

From this balance the tax deduction would be taken,[6] leaving a balance of $190.03 per month which would be the net excess wage loss claim to be paid by the insurance company. The section cited by appellant is § 1009.202 which provides in part:

(b) Work loss limits.—Work loss, as defined in section 103 shall be provided:

(1) up to a monthly maximum of:

(A) one thousand dollars ($1,000) multiplied by a fraction whose numerator is the average per capita income in this Commonwealth and whose denominator is the average per capita income in the United States, according to the latest available United States Department of Commerce figures [.]

The insured argues, and the lower court agreed, citing another Common Pleas court opinion,[7] that this provision means that an employee may receive under No-Fault up to

6. *See* 40 P.S. § 1009.206(b) which provides:

(b) Tax deduction.—If a benefit or advantage received to compensate for loss of income because of injury, whether from no-fault benefits or from any source of benefits or advantages subtracted under subsection (a) of this section, is not taxable income, the income tax saving that is attributable to such loss of income because of injury is subtracted in calculating net loss for work loss. Subtraction may not exceed twenty per cent (20%) of the loss of income and shall be in such lesser amount as the insurer reasonably determines is appropriate based on a lower value of the income tax advantage.

7. *Brown v. City of Pittsburgh*, No. G.D. 76–20176, C.P. Allegheny County, June 20, 1978, 126 Pitt.Legal J. 312 (1978). In this case Brown made a claim to State Farm, his own no-fault carrier, which denied the claim. Brown then made a claim to his employer, which also denied the claim. He accordingly instituted a declaratory judgment action. The Common Pleas Court agreed that under the No-Fault Act § 1009.204, providing for payment of basic loss benefits to an employee *driving or occupying* an employer's vehicle, Brown was not covered as he was neither driving nor occupying the employer's vehicle which had hit him. The court declined to rule on whether the Workmen's Compensation Act precluded the employer from having any no-fault liability.

The lower court then made a comprehensive analysis of the applicable sections of the No-Fault Act and ultimately decided that the Workmen's Compensation payments should be deducted from the employee's gross income, not from the $1,000 figure of § 1009.202.

$1,000 for losses not compensated by Workmen's Compensation. The appellant insurance company argues that this interpretation means that the insured gains a windfall and will receive more money from the combined benefits than if he were able to work. This is nonsense. The lower court merely interpreted the statute so as to give the insured the equivalent of his lost wages.

The insurance company also argues the language by our Supreme Court in *Wagner* to the effect that Workmen's Compensation benefits "must first be deducted from any no-fault benefits to be paid." 492 Pa. at 168, 422 A.2d at 1068. But in *Wagner* the Supreme Court did not deal with the precise question of how the benefits were to be calculated. The court was simply making it clear that an insured should not make a double recovery both from Workmen's Compensation and from his own insurer, but rather that the two recoveries should complement each other.

We therefore find no error in the lower court's method, particularly in view of this court's customary liberal construction in favor of coverage in cases where the language of the statute or the policy is not absolutely clear. *See Tubner v. State Farm Mutual Automobile Insurance Co.*, 280 Pa.Super. 38, 421 A.2d 392 (1980), *aff'd*, 496 Pa. 215, 436 A.2d 621 (1981); *Heffner v. Allstate Insurance Co.*, 265 Pa.Super. 181, 401 A.2d 1160 (1979), *aff'd*, 491 Pa. 447, 421 A.2d 629 (1980).

## III

Lastly, the lower court awarded attorney's fees to the insured, and the insurance company asserts this to have been erroneous.

The No-Fault Act provides at section 1009.107(3):

If, in any action by a claimant to recover no-fault benefits from an obligor, the court determines that the obligor has denied the claim or any significant part thereof without reasonable foundation, the court may award the claim-

ant's attorney a reasonable fee based upon actual time expended.

The lower court decided that in view of the *Wagner* decision establishing the insurance company's duty to pay, the denial of the claim was unreasonable. The insurance company disagrees, claiming that *Wagner* was not controlling and that another Common Pleas court case was controlling. In the other case, *Augostine v. Pennsylvania National Mutual Casualty Insurance Co.*, No. G.D. 79–21607, C.P. Allegheny County, 1980, 129 Pitt.Legal J. 38 (1980), the lower court held that an insured, injured while alighting from his employer's truck, and compensated under Workmen's Compensation, could not recover basic loss benefits from his own no-fault insurer. That decision was reversed by this court in November 1981. *See* 293 Pa.Super. 50, 437 A.2d 985 (1981). Although our decision in *Augostine* was rendered *after* the instant case was argued before us, our decision in *Wagner, see* 266 Pa.Super. 110, 403 A.2d 118 (1979),[8] was available. Our *Wagner* decision was upheld by our supreme court, *see* 492 Pa. 154, 422 A.2d 1061 (1980), in September 1980, before the instant lawsuit was filed in November, 1980. In such a situation, therefore, appellant's reliance on the common pleas court decision in *Augostine* was misplaced.

Appellant argues that *Wagner* was merely affirmed by an evenly-divided supreme court. In fact, it appears that the case was heard by seven justices. Three justices dissented, each of them essentially on the grounds that the employer's no-fault carrier should not share the immunity allowed to the employer and to the employer's workmen's compensation carrier. Two justices joined in the opinion of the court, and the seventh justice concurred in the result. None of the dissenters referred to the question of an employee's right to recover from his own no-fault carrier. This argument therefore is insufficient to make the insurance company's denial of the claim a reasonable⁷ one.

8. The superior court affirmed the lower court's dismissal of an action brought by the estate of a deceased employee against the employer's no-fault insurance carrier for work loss and survivor's loss benefits under the No-Fault Act.

We thus agree with the lower court that the insurance company's withholding of benefits was unreasonable, and affirm the lower court's award of counsel fees.

## IV

Appellee requests that we remand the case to the lower court so that the appropriate interest due from the date of the lower court's order until the date of payment be included in the order, as well as counsel fees for this appeal.

The No-Fault Act provides that overdue payments bear interest at the rate of 18% per year, and that no-fault benefits are overdue if not paid within thirty days. *See* 40 P.S. § 1009.106(a)(2). Our Supreme Court has ruled that the 18% interest is owed regardless of the good faith of the insurer or the reasonableness of the delay. *See Hayes v. Erie Insurance Exchange*, 493 Pa. 150, 155, 425 A.2d 419, 421 (1981). Although an appellate court has the power to add interest to a verdict, *Peyton v. Margiotti*, 398 Pa. 86, 156 A.2d 865 (1959), *Berkeley Inn, Inc. v. Centennial Insurance Co.*, 282 Pa.Super. 207, 422 A.2d 1078 (1980), it would seem that the 18% interest rate is automatic and we need not remand for the lower court to amend the order to include the 18%.

As to the counsel fees for the appeal, we agree that the insurance company should pay these also. Firstly, *Wagner* was the law as to the insurance company's liability. Appellant denied the insured's claim without reasonable foundation. Appellant chose to appeal the lower court's decision, again in the face of the *Wagner* case which makes its liability to its insured quite clear. Secondly, the method of calculation used by the lower court was adopted from the same court's calculations in the *Brown* case, *see* note 7 *supra*, in which State Farm, the appellant now before us, was a party. Nothing in State Farm's brief presents a convincing argument showing error in the method as explained and analyzed by Judge WEKSELMAN in the *Brown* case or as adopted by Judge WETTICK in the instant case. We see no reason, therefore, why the insured should not be reimbursed

for the expenses involved in this appeal brought by his insurance company which is still denying the claim.

The order of the lower court is affirmed. Interest on the payments is to be paid at the rate of 18%. The case is remanded to the lower court for a determination of reasonable counsel fees due appellee consistent with this opinion. We relinquish jurisdiction.