466 A.2d 225

**Mary P. WAGNER, Administratrix of the Estate of Edward S. Wagner, Jr., Deceased, Appellant,**

v.

**The PENNSYLVANIA ASSIGNED CLAIMS PLAN.**

Superior Court of Pennsylvania.

Argued May 11, 1983.

Filed Sept. 30, 1983.

Petition for Allowance of Appeal Denied Feb. 17, 1984.

Richard C. Angino, Harrisburg, for appellant.

Jeffrey A. Less, Harrisburg, for appellee.

Before WICKERSHAM, WATKINS and MONTGOMERY, JJ.

WATKINS, Judge:

This is an appeal from the order of the Court of Common Pleas, Civil Division, of Dauphin County, which granted appellee's motion for Summary Judgment.

The appellant, Mary P. Wagner, Administratrix of her husband's estate, filed this action for declaratory judgment against the Pennsylvania Assigned Claims Plan, the appellee herein. Both counsel moved for summary judgment in favor of their respective clients, the relevant facts not being in dispute. Edward S. Wagner, plaintiff's husband, was killed on January 26, 1977 in a one vehicle accident during the course of his employment. The decedent was driving his employer's truck when it overturned. He owned no vehicle and therefore did not have an automobile insurance policy. The decedent's family have received weekly Workmen's Compensation benefits. A prior action by the plaintiff based on the same facts and circumstances resulted in a Supreme Court opinion holding Mr. Wagner not entitled to benefits from his employers' no-fault insurer. See *Wagner v. National Indemnity Co.*, 492 Pa. 154, 422 A.2d 1061 (1980). The current proceeding was initiated before the *Wagner* opinion became law.

The appellant argues an individual injured in a one vehicle accident during the course of employment who does not have his own no-fault insurance policy is entitled to recover against the assigned claims plan pursuant to Section 204(a) of the Pennsylvania No-fault Motor Vehicle Insurance Act, Act of July 19, 1974, P.L. 489, No. 176, Art. II, 204, 40 P.S. 1009.204(a):

"(a) Applicable security.—The security for the payment of basic loss benefits applicable to an injury to:

(1) an employee, or to the spouse or other relative of any employee residing in the same household as the employee, if the accident resulting in injury occurs while the victim or deceased victim is driving or occupying a motor vehicle furnished by such employee's employer, is the security for the payment of basic loss benefits covering such motor vehicle or, if none, any other security applicable to such victim;

(2) an insured is the security under which the victim or deceased victim is insured;

(3) the driver or other occupant of a motor vehicle involved in an accident resulting in injury who is not an insured is the security covering such vehicle;

(4) an individual who is not an insured or the driver or other occupant of a motor vehicle involved in an accident resulting in injury is the security covering any motor vehicle involved in such accident. For purposes of this paragraph, a parked and unoccupied motor vehicle is not a motor vehicle involved in an accident, unless it was parked so as to cause unreasonable risk of injury; and

(5) any other individual is the applicable assigned claims plan."

This case is controlled by a recent opinion of this Court, *William Borrell v. Continental Casualty Company, et al.*, 310 Pa.Superior Ct. 554, 456 A.2d 1074 (1983), wherein this Court held:

"In view of the foregoing, we therefore now hold that where an employee sustains an injury as the result of a motor vehicle accident while operating his employer's vehicle during the course of his employment, not owning a motor vehicle and being uninsured, that person may recover no-fault benefits from the Pennsylvania Assigned Claim Plan in excess of the recovery provided by the Workmen's Compensation Act."

Order reversed and Summary Judgment entered for the appellant; prayer for relief by the appellee is denied.