480 A.2d 316

**Doris J. MUMMA, Administratrix of the Estate of William R. Mumma, Deceased, Appellant,**

**v.**

**PENNSYLVANIA ASSIGNED CLAIMS PLAN.**

Superior Court of Pennsylvania.

Argued April 5, 1984.

Filed Aug. 17, 1984.

Lee C. Swartz, Harrisburg, for appellant.

Jeffrey E. Piccola, Harrisburg, for appellee.

Before WICKERSHAM, OLSZEWSKI and HOFFMAN, JJ.

WICKERSHAM, Judge:

This is an appeal from the order of the Court of Common Pleas of Dauphin County sustaining the Pennsylvania Assigned Claims Plan's preliminary objections and dismissing appellant's complaint.

On January 8, 1976, William R. Mumma suffered serious injuries in an accident while driving his employer's truck in the course of his employment. He died eight days later as a result of these injuries. At the time of the accident, the decedent did not have no-fault motor vehicle insurance. Appellant, Doris J. Mumma, as administratrix of her husband's estate, obtained survivor loss benefits and funeral expenses from the decedent's employer's no-fault insurance carrier. Appellant petitioned for Workmen's Compensation benefits, which were awarded to her by a referee. The award was affirmed by the Workmen's Compensation Appeal Board; however, the matter was further appealed to the Commonwealth Court, where it was pending disposition at the time the instant appeal was filed.

On October 21, 1981, appellant filed the complaint in the instant action against appellee Assigned Claims Plan to recover work loss benefits not otherwise compensated by Workmen's Compensation. The Assigned Claims Plan filed preliminary objections in the nature of a demurrer on May 13, 1982. On October 27, 1982, the lower court sustained the preliminary objections and dismissed appellant's com-

plaint. The lower court *en banc* affirmed that order on December 10, 1982. This appeal timely followed.

Appellant presents two issues on appeal:

1.  May an uninsured employee-victim or the estate of an uninsured employee-deceased victim recover no-fault basic loss benefits in excess of Workmen's Compensation payments from the Assigned Claims Plan under Section 204(a)(5) of the No-Fault Motor Vehicle Insurance Act if no other security is applicable?

2.  Does the denial of the right of an uninsured employee-victim or the estate of an uninsured employee-deceased victim to recover no-fault basic loss benefits in excess of Workmen's Compensation payments from the Assigned Claims Plan under Section 204(a)(5) of the No-Fault Motor Vehicle Insurance Act result in the impairment of a constitutional right?

Brief for Appellant at 3.

Appellant argues that the estate of a decedent who did not have his own no-fault insurance policy and who was killed in an accident while driving a vehicle during the course of his employment, is entitled to recover against the Assigned Claims Plan pursuant to section 204(a) of the Pennsylvania No-Fault Motor Vehicle Insurance Act.[1] Sub-

---

1.  Section 204(a) provides:

    **§ 1009.204. Source of basic restoration benefits**

    (a) **Applicable security.**—The security for the payment of basic loss benefits applicable to an injury to:

    (1) an employee, or to the spouse or other relative of any employee residing in the same household as the employee, if the accident resulting in injury occurs while the victim or deceased victim is driving or occupying a motor vehicle furnished by such employee's employer, is the security for the payment of basic loss benefits covering such motor vehicle or, if none, any other security applicable to such victim;

    (2) an insured is the security under which the victim or deceased victim is insured;

    (3) the driver or other occupant of a motor vehicle involved in an accident resulting in injury who is not an insured is the security covering such vehicle;

    (4) an individual who is not an insured or the driver or other occupant of a motor vehicle involved in an accident resulting in injury is the security covering any motor vehicle involved in such

section 204(a)(5) directs individuals such as the decedent, who are not entitled to no-fault benefits under the preceding four (4) sections, to seek recovery from the Pennsylvania Assigned Claims Plan. The Plan is a statutorily created fund designed as a safeguard for unforseen situations in which no carrier which receives premiums is available to respond. 40 P.S. § 1009.108.

In *Borrell v. Continental Casualty Company*, 310 Pa. Super. 554, 456 A.2d 1074 (1983) we held:

> where an employee sustains an injury as the result of a motor vehicle accident while operating his employer's vehicle during the course of his employment, not owning a motor vehicle and being uninsured, that person may recover no-fault benefits from the Pennsylvania Assigned Claim Plan in excess of the recovery provided by the Workmen's Compensation Act.

*Id.*, 310 Pa.Super. at 558, 456 A.2d at 1077. In *Wagner v. Pennsylvania Assigned Claims Plan*, 319 Pa.Super. 410, 466 A.2d 225 (1983), this court applied the *Borrell* reasoning to a case filed on behalf of the estate of a decedent killed under the same circumstances.

These cases control the instant appeal. Appellant has a potential recovery under section 204(a)(5) of the No-Fault Act. Thus, the lower court erred in sustaining appellee's preliminary objections and in dismissing appellant's complaint. Appellant's complaint should be reinstated.[2]

Order sustaining the preliminary objections and dismissing the complaint is reversed and case remanded for proceedings not inconsistent with this opinion. Jurisdiction is relinquished.

> accident. For purposes of this paragraph, a parked and unoccupied motor vehicle is not a motor vehicle involved in an accident, unless it was parked so as to cause unreasonable risk of injury; and
> (5) any other individual is the applicable assigned claims plan.
> Act of July 19, 1974, P.L. 489, No. 176, art. II, § 204, 40 P.S. § 1009.204(a).

2. As a result of our disposition of this case, we need not address appellant's second issue.