500 A.2d 872

**HARLEYSVILLE INSURANCE COMPANY, Appellant,**

v.

**Michael WOZNIAK, John Wozniak, and Allstate Insurance Company, Appellees.**

Superior Court of Pennsylvania.

Argued March 26, 1985.

Filed Nov. 8, 1985.

358

William D. March, Media, for appellant.

E. Lawrence Hannaway, Philadelphia, for Wozniak, appellees.

Owen W. Nash, Assistant Public Defender, Media, for Allstate, appellee.

Before BECK, POPOVICH and TROMMER *, JJ.

* Judge Evelyn Trommer, Senior Judge of the Court of Common Pleas of Philadelphia County, is sitting by designation.

BECK, Judge:

In this appeal we are confronted with an issue of first impression concerning the interaction of Section 305 of The Pennsylvania Workmen's Compensation Act (Workmen's Act)[1] and Section 204 of the Pennsylvania No-fault Motor Vehicle Insurance Act (No-fault Act)[2] where an employee has been injured in the scope of his employment by a vehicular accident and the employer has not provided workers' compensation coverage. Under these circumstances is the injured worker's or the employer's no-fault carrier primarily liable for coverage?

Employer-appellee John Wozniak failed to carry workers' compensation insurance. His employee, appellee Michael Wozniak, sustained injuries as the driver of a truck owned by his employer John. The truck was insured by John's no-fault carrier, appellant Harleysville Insurance Company. Michael brought an action for No-fault Act benefits against appellant Harleysville and against his personal no-fault carrier, appellee Allstate Insurance Company.

Harleysville moved for summary judgment on the ground that, pursuant to the Workmen's Act, Michael's exclusive remedy for an injury during the course of his employment was against his employer John and his employer's Workmen's Act insurer, if any. The trial court denied Harleysville's motion, and in accordance with Section 702(b) of the Judicial Code, 42 Pa.C.S. § 702(b), certified its interlocutory denial for immediate appellate review.[3]

■ It is well established that where an employee is injured in a motor vehicle accident while operating his

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 501.

2. Act of July 19, 1974, P.L. 489, 40 P.S. § 1009.204.

3. "'In ruling on a motion for summary judgment the court must accept as true all well-pleaded facts in the non-moving party's pleadings, as well as admissions on file, giving to them the benefit of all reasonable inferences to be drawn therefrom.'" *Woytek v. Benjamin Coal Co.,* 300 Pa.Super. 397, 404, 446 A.2d 914, 917 (1982) (citation omitted). Summary judgment is appropriate only where there exists no genuine issue as to any material fact, and the movant is entitled to a judgment as a matter of law. *Id.*; Pa.R.C.P. No. 1035(b).

employer's vehicle during the course of his employment, the employee's recovery is limited to workers' compensation and an action against his personal no-fault insurer or the Pennsylvania Assigned Claims Plan for any loss in excess of the coverage provided by the Workmen's Act. *Wagner v. National Indemnity Co.,* 492 Pa. 154, 422 A.2d 1061 (1980); *Mumma v. Pennsylvania Assigned Claims Plan,* 331 Pa.Super. 205, 480 A.2d 316 (1984); *Ellisor v. Allstate Insurance Co.,* 325 Pa.Super. 318, 472 A.2d 1138 (1984); *Motley v. State Farm Mutual Automobile Insurance Co.,* 303 Pa.Super 120, 449 A.2d 607 (1982); *Turner v. Southeastern Pennsylvania Transportation Authority,* 256 Pa. Super. 43, 389 A.2d 591 (1978).

Thus, when an employee has received workers' compensation, the Workmen's Act has been construed to preclude a suit against the employer's no-fault insurer on the ground that the employer's liability is limited to the provision of workers' compensation. *Motley.*

Should the same rule appertain where the employer fails to carry workers' compensation insurance? Should the employer's failure to obtain coverage under the Workmen's Act shift the entire burden of compensation to the employee's carrier and thus insulate the employer's no-fault insurer from liability where the employee's vehicular injury occurred in the scope of his employment? Citing Section 303 of the Workmen's Act, *as amended,* 77 P.S. § 481, appellant Harleysville contends that the Workmen's Act is the employee's sole remedy against the employer, and concomitantly, any insurer of the employer, for an injury incurred during the course of employment.

■ To support its contention, Harleysville interprets Section 305 of the Workmen's Act, *as amended,* 77 P.S. § 501, as affording an employee relief exclusively within the terms of the Workmen's Act whether or not the employer obtains workers' coverage for an employee. We agree that the employee must look to Section 305 for his remedy. How-

ever, we disagree with appellant's interpretation of the statute and find that the statute clearly makes the employer's carrier primarily liable.

In pertinent part, Section 305 states that "[w]hen any employer fails to secure the payment of [workers'] compensation ..., the injured employee ... may proceed *either* under ... [the Workmen's Act] *or* in a suit for damages [against the employer] at law as provided by ... [Sections 201, 202, 203 and 204 of the Workmen's Act, *as amended*, 77 P.S. §§ 41, 51, 52 & 71, and Section 205 of the Workmen's Act, *as added by* the Act of August 24, 1963, P.L. 1175, 77 P.S. § 72]."[1] (Emphasis added.) The statute is framed in the disjunctive. Where an employer has not supplied workers' compensation, the clear language in Section 305 offers the employee an election either to proceed under the Act by accepting the compensation schedules of Article III of the Workmen's Act or, alternatively, to secure relief outside the Act by an action at law for damages against his employer. Nothing in Section 305 permits an interpretation restricting the liability of an employer and his insurers where the employer has not complied with the terms of the Act.[5]

Consequently, where an employer does not supply workers' compensation, an injured employee may present a claim to the employer's no-fault insurer in accordance with

4. Sections 201, 202, 203 and 204 of the Workmen'sAct abolish certain defenses which an employer might wish to assert in an action at law. Among the eliminated defenses are the following: the negligence of a fellow servant, assumption of the risk, and contributory negligence.

5. We note, parenthetically, that in this case there was no written agreement between the employer and the employee for exclusion from coverage by the Workmen's Act. Section 302(a) of the Workmen's Act, *as amended*, 77 P.S. § 461.

Subsection 204(a)(1) of the No-fault Act[6,7] and bring an action at law against the employer.[8,9] Our statutory interpretation establishes that in such a circumstance, the employee shall first look to the employer's no-fault carrier. Our statutory interpretation is supported by sound policy. An employer's no-fault carrier can inform itself as to whether the employer carries workers' compensation insurance and can contractually protect itself in dealings with an employer who does not provide workers' compensation.

Therefore, because Michael may have a valid claim against Harleysville as his employer's no-fault insurer, we affirm the trial court's denial of appellant's motion for summary judgment.

POPOVICH, J., files a concurring statement.

POPOVICH, Judge, concurring statement:

I concur in the result only. An employee's remedy for his employer's failure to secure workers' compensation insur-

6. In significant part, Subsection 204(a)(1) states that "the security for the payment of basic loss benefits ... to an employee ..., if the accident resulting in injury occurs while the victim ... is driving ... a motor vehicle furnished by such employee's employer, is the security for the payment of basic loss benefits covering such motor vehicle...."

7. We deem the fact pattern of this case to constitute another exception to the applicability of Section 204 in situations involving injuries to employees. *See, e.g.,* exceptions enumerated in *Wagner v. National Indemnity Co.,* 492 Pa. 154, 422 A.2d 1061 (1980); *Turner v. Southeastern Pennsylvania Transportation Authority,* 256 Pa.Super. 43, 389 A.2d 591 (1978).

8. Since we view an action at law under Section 305 of the Workmen's Act as permitting an employee relief outside the Workmen's Act, we conclude that any award obtained by an employee in an action at law allowed by Section 305 need not be subtracted from an employee's loss in calculating the employee's net loss under the No-fault Act since such an award is not workers' compensation but is a judgment in lieu of workers' compensation. *See* Section 206 of the No-fault Act, 40 P.S. § 1009.206, which enumerates those benefits received outside the No-fault Act (such as workers' compensation) that shall be subtracted from loss in calculating net loss under the No-fault Act. Section 206 does not specify deduction from net loss of any amount recovered in a permissible action at law.

9. See footnote 4, *infra,* on the employer's liability in the action at law under Section 305 of the Workmen's Act.

ance is to either accept the compensation schedule under the Workmen's Act or file suit at law.

By allowing the employee to collect no-fault benefits through the employer's automobile insurer and also sue the employer, I believe is to exceed the clear language of the Act in terms of the scope of his recovery.

The Act's allowance of a suit at law on the part of the employee would permit him to sue the employer for injuries and damages sustained. Perforce, the employer would seek joinder of the insurance carrier for indemnification purposes. Thus, although I agree with the result, I find the logic to divert from the *clear* language of the statute in tacitly condoning a dual suit not contemplated by law.