## Burnatoski v. Butler Ambulance Service Company

*Charles E. Evans,* for Burnatoski.
*Lee A. Montgomery,* for Butler Ambulance Ser.
*James Coulter,* for City of Butler.
*Richard Rosenthal,* for PennDOT.
*Leo Stepanian,* for Carlos Seger.
*John Edward Wall,* for Ford Motor Company.
*Allan H. Perer,* for American Coaches Inc.
*Carl A. Eck* and *Murray Shapiro,* for Cecil R. Gold.

KIESTER, *J.,* January 2, 1986 — This is a case of first impression. On this point the parties agree. Counsel for the parties have filed excellent briefs in support of their respective positions on the motion of additional defendant, Cecil R. Gold, for summary judgment. It is interesting that plaintiffs did not join Gold as a defendant but oppose Gold's motion for summary judgment.

On July 17, 1983, Cecil R. Gold and plaintiff's decedent, Thomas P. Burnatoski, were fellow employees of Butler Ambulance Service Company. While on duty at that time with Gold as the operator of the ambulance there was an accident with another vehicle operated by defendant Carlos L. Seger. Burnatoski was fatally injured. There were a total of four deaths in that tragic accident which occurred on Pennsylvania Route 8 South at "Armco Hill."

The pertinent fact that explains this motion is that Butler Ambulance Service Company, employer of the decedent Burnatoski, as well as Gold, lacked workers' compensation insurance coverage.

In this factual situation under Pennsylvania law the employer has no immunity. Under the law, the employee victim then has the election to sue the employer under tort law or pursue a claim for workers' compensation benefits to which the employer may have no defense.

## ISSUE

Where the employer lacks the immunity provided by the Workmen's Compensation Act, does the employee who allegedly was the actor who negligently caused the injury to the fellow employee, lose the statutorily granted immunity status?

## DISCUSSION

Since disability or death claims/benefits of an employee may not be collectible as a practical matter either at law or under the Workmen's Compensation Act where the employer lacks workers' compensation insurance coverage, it would seem that the statutorily granted fellow-employee immunity rule becomes unfair, inappropriate and legally inapplicable.

There is nothing in the Workmen's Compensation Act to indicate that the Legislature intended to immunize a fellow-employee from liability when the employer failed to provide the coverage and protection of the Workmen's Compensation Act for the employees. While an injured employee may elect to proceed at law against the employer, the injured employee also has a cause of action at law against the fellow employee who was the actor and who is no longer immune from tort liability. 77 P.S. 72 and 77 P.S. 501. *Harleysville Insurance Company v. Wozniak*, 347, Pa. Super. 356 500 A.2d 872 (1985). Any other result would leave the innocent

nonnegligent employee without recourse if the employer was judgment proof and lacked liability insurance coverage. In the factual situation that is before us the no-fault insurance coverage, if any, of the fellow employees should be available to them and to other parties in the cause of action.

Inasmuch as Cecil R. Gold lost his immunity through the omission and violation of the law by his employer, plaintiff, defendant or additional defendant in the cause of action arising from the incident has the right to join the fellow employee as a defendant or additional defendant in the cause of action.

The removal of immunity of the fellow employee cannot be for the sole benefit of the injured fellow-employee. All those charged with negligence by the parties to the action have the right to pursue the liability to determine the one or ones responsible for the loss.

## ORDER

And now, January 2, 1986, the motion filed on behalf of Cecil R. Gold for summary judgment is denied.

It is the opinion of the undersigned that the issue raised by the motion is one upon which there is a substantial ground for difference of opinion. The complex nature of the cause of action is persuasive that the resolution of the immunity issue might materially advance the ultimate termination of the matter.

In the event of an appeal from this order nevertheless the parties should be instructed to proceed with discovery and preparation for trial, pending disposition of the appeal.