641 A.2d 329

**Fayette INMAN and Wesley Inman, Appellants,**

**v.**

**NATIONWIDE MUTUAL INSURANCE COMPANY and Nationwide Mutual Fire Insurance Company and M.R. Smith, Agent, Nationwide Mutual Fire Insurance Company and Thomas J. Mielcarek, t/a Mielcarek's Flower and Gift Shoppe and Edna Mielcarek, h/w.**

Superior Court of Pennsylvania.

Argued April 13, 1994.

Filed May 9, 1994.

Hans E. Solum, Jr., Ridley Park, for appellants.

J. Joseph Herring, Jr., Media, for Nationwide and Smith, appellees.

Before TAMILIA, SAYLOR and HOFFMAN, JJ.

TAMILIA, Judge.

Fayette and Wesley Inman appeal from the October 7, 1993 Decree making final the decree nisi which held the general liability policy issued by appellee Nationwide Insurance Company to Mrs. Inman's employer, Mielcarek's Flower and Gift Shoppe (Mielcarek's), was unavailable to plaintiffs for recovery of damages sustained by wife when she fell on employer's property, injuring her index finger.

In 1988, plaintiffs filed a declaratory judgment action asking the court to declare the general liability policy held by intervenors Mielcarek's and Thomas J. and Edna Mielcarek was available to compensate them for injuries wife incurred while in scope of her employment, because employer failed to carry workers' compensation coverage. The trial court found, based on the exclusionary language contained in the Mielcareks' general liability policy set forth below, coverage was not available to the appellants. The clause in question read:

> This insurance does not apply to bodily injury to any employee of the insured arising out of and in the course of his employment by the insured or to any obligation of the insured to indemnify another because of the damage arising out of such injury.

It is appellant's position, by failing to carry workers' compensation coverage, appellees have waived their privilege to assert the exclusive remedy shield provided by the Act,[1] and have thereby exposed themselves and their general liability carrier, Nationwide, to private claims for damages. In support of their argument, appellants rely on *Harleysville v. Wozniak,* 347 Pa.Super. 356, 500 A.2d 872 (1985),[2] section 71 of the Act, **Agreement, composition or release of damages as bar to claim for damages,**[3] and section 501 of the Act, which

**1.** 77 P.S. § 1 *et seq.,* The Pennsylvania Workmen's Compensation Act.

**2.** Appellants also cite, unconvincingly, to *Luko v. Lloyd's London,* 393 Pa.Super. 165, 573 A.2d 1139 (1990), wherein a liability policy had been amended by special endorsement to include employees injured as "persons insured". The policy in question here contained no such endorsement/amendment. The factual scenario and holding of the Court in *Tatrai v. Presbyterian University Hospital,* 497 Pa. 247, 439 A.2d 1162 (1982), is also distinguishable from the matter before this Court.

**3.** § 71. Agreement, composition or release of damages as bar to claim for damages

No agreement, composition, or release of damages made before the date of any injury shall be valid or shall bar a claim for damages resulting therefrom; and any such agreement is declared to be against the public policy of this Commonwealth. The receipt of benefits from any association, society, or fund shall not bar the recovery of damages by action at law, nor the recovery of compensation under article three thereof; and any release executed in consid-

allows an employee to pursue a suit for damages at law if the employer doesn't carry workers' compensation coverage.

We begin with a discussion of *Harleysville, supra,* a summary judgment action wherein it was held that if an employer does not supply workers' compensation coverage, an injured employee *may* submit a claim to his employer's no-fault insurer in accordance with subsection 204(a)(1) of the No–Fault Act,[4] which, the court found, provided the applicable security for payment of basic loss benefits. The significant fact in *Harleysville* was that the employee was injured while driving a vehicle owned by the employer. In this unique situation, the court dealt with priorities between workers' compensation coverage and no-fault coverage. Workmen's compensation would have been the exclusive coverage if available, and in its absence, the no-fault coverage, which included employees not covered by workmen's compensation, was the next alternative available, the final remedy being direct suit against the employer. The factual circumstances of this case are clearly distinguishable from those in *Harleysville.* Also, in addition to not addressing the applicability of a general liability policy such as that which is at issue here, the *Harleysville* discussion did not include nor address the effect an exclusionary clause would have had on the court's Order affirming the denial of summary judgment.[5] Moreover, via footnote 7, the *Harleysville* court indicated its decision to limit its holding therein to the factual situation with which it was presented. For these reasons, we find appellant's reliance on *Harleysville* to be misplaced. It hardly requires discussion to demonstrate the substantial differences in the legal effect of a no-fault automobile insurance policy strictly governed by stat-

cration of such benefits shall be void: Provided, however, That if the employe receives unemployment compensation benefits, such amount or amounts so received shall be credited as against the amount of the award made under the provisions of section 108.

4. Pennsylvania No–Fault Motor Vehicle Insurance Act, 40 P.S. § 1.009, repealed.

5. Because the litigation presented an issue of first impression, the interlocutory appeal was certified for immediate appellate review in accordance with 42 Pa.C.S. § 702(b).

ute for the unique circumstances relating to automobile usage and a general liability policy which relates to various business and proprietary concerns. It is unreasonable if not irrational to equate the two as is attempted by appellant.

Appellant's reliance on section 71 of the Act is likewise inappropriate. Section 71 prohibits, as against public policy, an employer from agreeing with his employee to hold employer harmless for any *future* injury the employee may suffer. This section is inapplicable to the matter before us as no such agreement was entered and appellants are seeking to recover for an injury which has already occurred. Further, we take no issue with this section and indeed find to allow the formation of such an agreement between employer and employee would clearly violate the intent and spirit of the Act. A contract of insurance to cover general liability of the insured cannot be construed, because of a clause which excludes employees' work-related injuries, to violate the Act, which voids any agreements to insulate an employer for future damages arising out of the employment. Neither the exclusion clause of the general liability contract nor section 71 prevents appellants from seeking damages directly from intervenors/employer. Accordingly, contrary to appellants' argument, the exclusionary language contained in employer's general liability policy is not void as against public policy, nor is it exemplary of that type of agreement which section 71 was drafted to avoid.

Having found appellants' arguments devoid of merit, we affirm the October 7, 1993 Order finding employer's liability policy unavailable to appellants. To find otherwise would encourage employers to ignore their obligation to obtain workers' compensation insurance and rely on their general liability policy, which in turn necessarily would require a higher premium schedule reflecting the additional risk. Such a result would create an imbalance in procurement of insurance and compound confusion and enforceability of the comprehensive and basic social policy enunciated by the Act. This decision does not preclude appellants from seeking damages directly

from the employer/intervenors and places the risk and payment for damages where it belongs.

Decree affirmed.