Rashaad Gambrell, a minor, by his Parent and Natural Guardian, Renee B. Gambrell and Renee B. Gambrell in her own right, Petitioners *v.* State Farm Mutual Automobile Insurance Company et al., Respondents.

Argued December 8, 1983, before Judges CRAIG, MACPHAIL and DOYLE, sitting as a panel of three.

No appearance for petitioners.

*Michael Saltzburg,* with him *Louis E. Bricklin, Bennett, Bricklin, Saltzburg & Fullem,* for respondent, State Farm Mutual Automobile Insurance Company.

*Ronald Yen,* Deputy Attorney General, for respondent, Pennsylvania Attorney General, Department of Justice.

OPINION BY JUDGE DOYLE, March 23, 1984:

Before us is a motion for summary judgment filed by defendant, State Farm Automobile Insurance Company (State Farm), in an action brought against it for the recovery of benefits under the Pennsylvania No-fault Motor Vehicle Insurance Act (Act).[1] Additional defendant, Pennsylvania Attorney General, opposes the motion.

Plaintiffs, Renee B. Gambrell and her minor son, Rashaad Gambrell, were injured in an accident while occupying an automobile supplied by Renee Gambrell's employer, the Attorney General's Office. At the time of the accident, Ms. Gambrell was driving the automobile home after work, as she was authorized to do by her employer, but, contrary to authorization, she was also carrying her son as a passenger. Plaintiffs filed an action in the Philadelphia Court of Common Pleas against Ms. Gambrell's personal automobile insurance carrier, State Farm, requesting recovery for medical expenses and loss of wages under the terms of her policy. State Farm denied liability and joined the Attorney General's Office as an additional defendant. This action was transferred to the Commonwealth Court[2] where State Farm filed the present motion for summary judgment, alleging that it cannot be held liable for no-fault benefits if any such benefits are due the plaintiffs.

---

[1] Act of July 19, 1974, P.L. 489, 40 P.S. §§1009.101-1009.701; since repealed by Act Nos. 11, 12, February 12, 1984,     P.L.     , P.S.     .

[2] The action was transferred by praecipe of the plaintiff after the Attorney General's Office had filed preliminary objections challenging the jurisdiction of the common pleas court.

With respect to the minor plaintiff, Rashaad Gambrell, State Farm supports its position by referring to Section 204 of the Act,[3] which states, in pertinent part:

Source of basic restoration benefits

(a) Applicable security.—The security for the payment of basic loss benefits applicable to an injury to:

(1) an employee, or to the spouse or other relative of any employee residing in the same household as the employee, if the accident resulting in injury occurs while the victim or deceased victim is driving or occupying a motor vehicle furnished by such employee's employer is the security for the payment of basic loss benefits covering such motor vehicle or, if none, any other security applicable to such victim;

(2) an insured is the security under which the victim or deceased victim is insured.

State Farm argues that since the minor plaintiff's injury occurred while a passenger in an automobile furnished by his mother's employer, he should recover his basic loss benefits from the employer under subsection (a)(1) of this section. In denying the applicability of this subsection to the minor plaintiff, however, the Attorney General's Office contends that it did not "furnish" the automobile to the minor plaintiff because it did not authorize his presence as a passenger. We cannot agree.

An automobile need not be authorized for a particular use to have been "furnished" by the employer for purposes of this section. The term "furnish" means no more than "[t]o supply or provide."[4] An

---

[3] 40 P.S. §1009.204.

[4] Black's Law Dictionary 804 (4th ed. rev. 1968).

employer furnishes an automobile when it supplies the automobile to another. The fact that the recipient may exceed the limits placed upon the automobile's proper use does not alter the fact that the employer is the automobile's supplier.

In this case it is undisputed that the employer was the supplier of the automobile involved in the accident. Regardless of whether the employee exceeded her authority in allowing her son to ride as a passenger, her son was clearly injured in an employer-furnished automobile, and under the terms of the statute, is entitled to no-fault recovery from the employer.[5]

With respect to the plaintiff Renee Gambrell, State Farm argues that it is not liable because this plaintiff can be afforded complete recovery under The Pennsylvania Workmen's Compensation Act.[6] Although an employee entitled to receive workmen's compensation for her work-related injuries may not recover no-fault benefits from her employer, she may recover such benefits from her own no-fault insurer when they are necessary to provide complete relief. *Wagner v. National Indemnity Co.*, 492 Pa. 154, 422 A.2d 1061 (1980); *Boothman v. Prudential Property and Casualty Insurance Co.*, 304 Pa. Superior Ct. 137, 450 A.2d 139 (1982).

---

[5] We recognize that there may be cases where the actual use of the automobile is so totally contrary to its authorized use that it cannot be said to have been "furnished" to the employee. In such cases the employee would be denied benefits as a converter of the automobile under Section 208 of the Act, 40 P.S. §1009.208. It cannot be seriously contended, however, that there was a conversion in this case. Indeed, the Attorney General's Office initially argued that Ms. Gambrell was such a converter, but withdrew the claim when it was admitted that she was authorized to drive the automobile to and from work in order to respond to job assignments at night and on weekends.

[6] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§1-1601.1.

State Farm characterizes the plaintiff's claim as one solely for medical expenses, which are fully recoverable under workmen's compensation.[7] Our own examination of the complaint, however, reveals an additional claim for work-loss benefits in the amount of $543.24.[8] An employee making a claim for work-loss benefits is entitled to recover from her own no-fault insurer the difference between the actual wage loss and the percentage of such loss recoverable under workmen's compensation.[9] *Bootham, Augostine v. Pennsylvania National Mutual Casualty Insurance Co.*, 293 Pa. Superior Ct. 50, 437 A.2d 985 (1981). Therefore, State Farm's motion cannot be granted against Rence Gambrell.

Accordingly, we shall grant State Farm's motion for summary judgment with respect to plaintiff Rashaad Gambrell, but deny it with respect to plaintiff Renee Gambrell.

ORDER

Now, March 23, 1984, defendant State Farm Automobile Insurance Company's Motion for Summary Judgment is granted with respect to plaintiff Rashaad Gambrell, and denied with respect to plaintiff Renee Gambrell.

---

[7] Section 306(e) of The Pennsylvania Workmen's Compensation Act 77 P.S. §531.

[8] Contained in Exhibit A, a schedule of the specific items claimed, which was pleaded under paragraph five of the plaintiff's complaint, is the following claim:

RENEE B. GAMBRELL

. . . .

Wage Loss—Attorney's [sic] General's Office
7½ days                                                                      $543.24

[9] We note that while the Attorney General's Office chose not to brief this issue, it did not abandon its position with respect to Renee Gambrell, but rather remained in opposition to State Farm's motion for summary judgment with respect to both plaintiffs.